### J. WRIGHT *against* T. WRIGHT.

ON demurrer to the replication. The pleadings were thus: declaration on a bond, made at the town of Constable, in the county of Franklin. The defendant prayed award on all the matters in controversy between the parties, of which they have notice, the award is void *in toto*; *adjudged* upon plea that they had omitted to pass upon a certain matter, replication setting forth an award which, on its face, excluded this matter, demurrer and joinder.

*Margin note:* Upon a general bond of submission to arbitrators, with an *ita quod clause*, if they do not

*oyer* of the bond and condition, and set them out in *hæc verba ;* by which it appeared that the bond was from the defendant to the plaintiff, in the penalty of $5000, dated June 15th, 1824 ; and conditioned to abide the award of certain arbitrators upon the usual general submission: *So as* the award, &c. be made &c. on or before the 1st day of July next, then, &c." After pleading *non est factum,* the defendant pleaded, *secondly,* " that the said arbitrators did not within, &c. make any legal, sufficient and final award, &c. of and concerning all the matters and controversies in the said condition mentioned; but on the contrary thereof, the said arbitrators made a partial and insufficient award of and concerning the premises in the said condition mentioned, by leaving therein, a controversy between the said T. and J. relative to a house and shed, in the said town of Constable, wholly undecided and undetermined; although the said arbitrators had notice of the said controversy, previously to the making of the said award, and were requested to decide the same." *Replication :* " That the arbitrators, &c. after, &c. and within the time limited, &c. that is to say, on the said 1st day of July, at, &c. did, &c. make their award, &c. of and concerning the premises in the said condition mentioned, &c. and ready, &c. and did, &c. award and order in the words, &c. following, to wit, endorsed upon the said writing obligatory, &c. ' We, &c. do, in the first place, say that we do not take into consideration the house and shed, nor pass no order upon it. As to the remainder of the counts, after hearing the observation of parties, testimony of witnesses, and pleading of counsel, do order, adjust and declare, that on final conclusion, we say that we find for J. Wright $61 75, against said T. and costs,' of which, &c."

General demurrer and joinder.

*A. Wheeler,* in support of the demurrer.

*J. Parkhurst,* contra, cited *M'Kinstry* v. *Solomons,* (2 John. Rep. 57 ;) *Martin* v. *Williams,* (13 id. 264 ;) *Jackson* v. *Ambler,* (14 id. 96 ;) and *Cox* v. *Jagger,* (2 Cowen's Rep. 638.)

*Curia,* per SUTHERLAND. J. It is a general rule, that where the bond of submission contains an *ita quod* clause, the award will be void, unless it comprehend all the matters submitted. This rule is invariable, where the particular matters submitted are specified in the bond. But where the submission is general, and an award concerning one or more things is made, it will be presumed, until the contrary be shown, that nothing else was referred to the arbitrators, or brought before them by the parties. (*Middleton* v. *Weeks,* Cro. Jac. 200. *Ormelade* v. *Coke,* id. 354. Kyd. on Aw. 174, 5, 6, and the cases there cited. 8 Rep. 98, *b.* Hob. 49. *Risden* v. *Inglet,* Cro. Eliz. 838.) But if arbitrators award in relation to one or more things, and say that they will not meddle with the rest, the whole is void; because they have not pursued their authority; (*Barnes* v. *Greenwel,* Cro. Eliz. 858; Dy. 216, 217; Benl. 107; Kyd on Aw. 174;) and in such a case, it is immaterial whether the submission was general or special; for, if general, it appears on the face of the award that the arbitrators had notice of the matters which they refuse to decide.

The case of *Bradford* v. *Bryan,* (Willes, 268,) is precisely in point. That was a general submission with *an ita quod clause.* The suits and controversies of the parties appear to have been in relation to tythes. The award was, that the defendant should pay to the plaintiff a certain sum of money in full of all demands; and that the plaintiff should pay to the defendant a certain sum of money for all tythes and Easter duties whatsoever, (except tythes of calves, &c.) and that the parties, on receipt of the sums, should execute general releases to each other of all demands whatsoever, (" except the said tythes of calves, for which the defendant was at liberty to prosecute if he thought fit.") Upon general demurrer, the award was holden to be void *in toto,* for not determining all the matters in dispute between the parties.

The present case cannot be distinguished from that. The award shows that the arbitrators had notice of the *house and shed,* as a matter in controversy. Such notice is ex-

ALBANY,
Oct. 1825.

Jackson
v.
Denn.

pressly averred in the plea; and also that the arbitrators were requested to decide upon this branch of the subject. It must, therefore, have been brought before them by the parties, for the purpose of being adjudicated upon.

It is not like the case of *Berry* v. *Penring*, (Cro. Jac. 399.) where the award was, that all suits and actions shall cease, and all matters be determined, except in relation to a particular bond; *which was awarded to stand in force.* It was contended that this was not an award in relation to the bond. But the Court held, and most clearly they held correctly, that this was not a disclaimer to meddle with the bond; but an express award that it should stand in force and be satisfied. (*Jackson* v. *Ambler*, 14 John. 106, per Spencer, J.)

The plea is somewhat informal, and possibly, upon special demurrer, might have been held bad; but it is good in substance. I am therefore of opinion that the defendant is entitled to judgment.

Judgment for the defendant.