F. H. GRAIN AND THOMAS MENZIES (Agents for the Bank of British North America), APPELLANTS, *v.* WILLIAM A. ALDRICH, J. S. WALKER AND S. C. ALLEN, RESPONDENTS.

ASSIGNMENT OF PART OF A DEMAND.—An assignment of part only of an entire demand is void *at law,* unless done with the consent of the debtor; but such an assignment is valid *in equity,* without the consent of the debtor.

IDEM—RECOVERY UPON IT.—A recovery upon an assignment of part of a demand could not be had at law, under the practice at common law, without averring and proving that it was made with the consent of the defendant; but such an averment was immaterial in equity, and hence, under the code of this State, the complaint is not demurrable, for lack of facts, if it fails to contain such averment.

IDEM.—In this State, the assignee of part of an entire demand may recover in his own name, without making the holders of the remainder of the demand parties, if the assignment was made with the knowledge and consent of the debtor; but if not, then the other holders should be made parties, and if they are not, the complaint will be bad on demurrer, for want of parties.

COMPLAINT UNDER THE CODE.—A complaint is not demurrable on the score of a want of facts, if upon the facts stated the plaintiff is entitled to any relief, either at law or in equity.

COMPLAINT IN AN ACTION UPON ASSIGNMENT OF PART OF A DEMAND.—An averment in a complaint in an action upon an assignment of part of an entire demand in these words: "of which said assignment the defendants have had due notice," is not an averment that the defendants assented to the assignment.

IDEM.—If all the parties interested in the demand, where there has been an assignment of a part of it, are not made parties to the action, the objection, under the code, to the complaint, is not that it lacks *facts,* but that it lacks *parties,* and will be waived unless the complaint is demurred to on that ground.

IDEM.—G. & M. sued A. W. & Co. upon an assignment of part of an entire demand against them, but did not aver that the assignment had been assented to by A. W. & Co., nor did they make the holders of the remainder of the demand parties to the action. A. W. & Co. demurred to the complaint for want of facts, but not for want of parties. *Held,* that the demurrer, under the code, was bad.

IDEM.—The omission of the defendant to demur for want of parties, does not affect the power of the Court, under the 17th Section of the code, from directing other parties to be brought in, if it finds that it cannot completely determine the case in their absence.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The case is stated in the opinion of the Court.

As the case came here on demurrer to the complaint, the argument on the part of the defendants and respondents is first given.

*Wilson & Crittenden,* and *W. H. L. Barnes,* for Defendants and Respondents.

An action at law cannot be maintained by the assignee of part of an entire demand, without the express agreement or distinct ratification of the debtor. No such agreement or ratification is alleged in the complaint. The authorities are uniform. (*Mandeville* v. *Walsh,* 5 Wheaton, 277; *Shankland* v. *The Corporation of Washington,* 5 Peters, 389; *Smith* v. *Jones,* 15 John. *229; *Willard* v. *Sperry,* 16 *Id.* 121; *Palmer* v. *Merrill,* 6 Cush. 282; *Ingraham* v. *Hull,* 11 S. & R. 78; *Guernsey* v. *Carver,* 8 Wend. 493; *Camp* v. *Morgan,* 21 Ill. 258; *Castleberry* v. *Forquer,* 27 *Id.* 172; *Wagner* v. *Jacoby,* 26 Mo. 532; *Mills* v. *Court,* 1 Wend. 488; *Hoff* v. *Myers,* 42 Barb. 272; *Amy* v. *Fitch,* 4 Conn. 364; *Stevens* v. *Lockwood,* 13 Wend. 645; *Herriter* v. *Porter,* 23 Cal. 387; *Marziou* v. *Pioche,* 8 *Id.* 536; *Coster* v. *The New York and Erie R. R. Co,* 6 Duer, 46.)

Counsel reviewed these cases, and also those cited upon the other side, at length, arguing that this case was strictly a case at law, and not in equity, and therefore that the complaint was defective on the score of *facts.*

*H. & C. McAllister,* and *Henry E. Highton,* for Plaintiffs and Appellants.

The fundamental mistakes of the counsel for respondents in this case, we respectfully submit, are in confounding rights with remedies, and practice under the common law with practice under the code. It is not true that assignments of parts of entire demands were ever held to be either void or voidable, or that any special or peculiar rules were appli-

cable to them which did not equally apply to *all* assignments. Under the ancient system, except in the case of bills of exchange, every assignment of a *chose in action* was equitable, and, in the name of the assignee, could not be enforced in an action at law, but formed the legitimate subject of a suit in equity.

At the common law, then, an assignment of a *chose of action* was perfectly good, so far as the transfer of the property was concerned; but when the assignee desired to *enforce* his right, if he sued in a court of law, the action must have been in the name of the assignor, and, of course, subject to all the rules by which such actions were controlled. Among those rules, was that so clearly illustrated in Hare & Wallace's notes to the Duchess of Kingston's case, that a party could not recover twice on the same matter, but, as to all facts legitimately embraced or which might have been included within the issues in a former action, was estopped by the judgment in that action.

The original creditor, the assignor, therefore, undoubtedly could throw off a part of his due, could sue for and recover less than his entire demand, but in a subsequent action for the residue, was liable to be defeated by the plea of a former recovery; and his assignee, standing in his shoes, and possessing the same rights, could follow the same course, and was subject to the same defense.

A creditor suing for a portion of his debt was not driven into equity, and his assignee, suing in his name, occupied a similar position. If, however, the assignee, in order to recover in his own name, went into equity, then, in the exercise of one of the ordinary powers of a Court of Chancery, the rights of all parties interested in the original claim would be adjudicated.

Counsel here reviewed the cases cited by the other side at length, arguing that they were not opposed to his views, and summed up the whole subject as follows:

*First*—Debts are property.

*Second*—As a general rule, a man may dispose of his property as he pleases.

*Third*—If an exception exists, the burden of showing it is upon the respondents.

*Fourth*—In all the reports, no case is found where a demurrer like this has been sustained.

*Fifth*—Every assignment founded on sufficient consideration, whether partial or complete, was valid at law, and conferred on the assignee a perfect right of action.

*Sixth*—In the case of an assignment of a *chose in action*, the *remedy* at law was an action in the name of the assignor, which might be suspended or defeated by the plea of another action pending for the same cause, or of a former recovery.

*Seventh*—The original creditor, however, and, of course, his assignee suing in his name, subject to the contingencies above mentioned, might claim and recover less than an entire demand; the law placing no limit or restriction upon generosity.

It follows that, upon the facts alleged in the complaint, in no possible aspect of this case is the demurrer well taken. But we take the broad ground that, under the code of this State, every assignment, whether of the whole or of part of a demand, is not only legal, but may be enforced in an ordinary action at law in the name of the assignee.

In this State there is but one form of action, and every action must be commenced in the name of the real party in interest. Applied to the questions before the Court, what do these provisions mean? The best way to ascertain their meaning will be by illustration.

Assignments of *choses in action* were formerly called "equitable," not because they did not convey a complete legal right, but because they could not be enforced at law in the names of the assignees. For this reason also, and for this reason alone, the suspensory pleas, and the pleas in bar, to which we have so frequently alluded, were available.

There can be no doubt that the right to recover at law upon such assignments as those upon which this action rests, is not only a necessary consequence of our system of practice, but has been frequently recognized in this State and elsewhere, as the Court cannot fail to observe upon a careful examination of the authorities to which we are now about to

refer. (*Badger* v. *Titcomb*, 15 Pick, 415; *Sibbald's Estate*, Mann's Appeal, 18 Penn. St. R. 255; *Peyton* v. *Hallett*, 1 Caines, 379; *Taylor* v. *Bates*, 5 Cowen, 376; *Bradley* v. *Root*, 5 Paige Ch. R. 641; *Field* v. *The Mayor of New York*, 2 Selden, 185; *Secor* v. *Sturgis*, 16 N. Y. 554; *Cook* v. *Genessee Mutual Insurance Co.* 8 How. Pr. R. 516; *Lowery* v. *Steward*, 25 N. Y. 241; *Wells* v. *Williams*, 39 Barb. 572; *Hooker* v. *Eagle Bank of Rochester*, 30 N. Y. 87; *Morton* v. *Naylor*, 1 Hill, 583; *Pope* v. *Huth*, 14 Cal. 407; *Pierce* v. *Robinson*, 13 *Id.* 120; *Wheatley* v. *Strobe*, 12 *Id.* 79; *Gradwohl* v. *Harris*, 29 *Id.* 154; *Walling* v. *Miller*, 15 *Id.* 39; *Dana* v. *City and County of San Francisco*, 19 *Id.* 490; *Leese* v. *Sherwood*, 21 *Id.* 164; *Grattan* v. *Wiggins*, 23 *Id.* 22.)

There is no demurrer on the ground of the non-joinder of parties, and, therefore, if it had been necessary to follow the equity mode of procedure, the complaint, which states all the facts, is sufficient.

The complaint in this action avers "*due* notice" of each of the assignments sued upon, and therefore, conceding, *pro hac vice*, the most extreme doctrine claimed by the counsel for respondents, it is perfectly good on demurrer.

Even under the common law system of practice, an assignment, whether of the whole or of part of a demand, when assented to by the debtor, conferred upon the assignee the right to recover in his own name, and an averment of "due notice," *prima facie*, at least, establishes such assent.

SANDERSON, J., delivered the opinion of the Court:

The plaintiffs, as agents for the Bank of British North America, sue to recover of the defendants, formerly engaged in business in Honolulu, under the name of Aldrich, Walker & Co., the aggregate sum of $132,236 25.

The complaint contains three counts, in each of which the same claim is stated in different modes. The facts, however, are, that the defendants were indebted to the firm of Charles W. Brooks & Co. in the sum of $159,000 and upwards; that Brooks & Co. sold and assigned a part of said indebtedness,

to wit, the sum of $44,078, to the plaintiffs, of which assignment the defendants had due notice.

To this complaint the defendants demur, upon the ground that it does not state facts sufficient to constitute a cause of action. The Court below sustained the demurrer, and, plaintiffs having declined to amend, final judgment passed for the defendants. Being dissatisfied with this result, the plaintiffs have brought the case here.

In support of the demurrer, it is argued on the part of the defendants that an assignment of a part only of an entire demand is void *at law*, unless made with the consent or ratification of the debtor; that is to say, that no action *at law* can be maintained upon such an assignment, unless it was made with the express consent of the debtor, or was subsequently duly ratified by him; and that this is an action *at law*, and there is no allegation that the assignment was made with the knowledge and consent of the debtors, or that they subsequently ratified it.

Leaving out of view the practice which has been adopted in this State, and which has abolished in the matter of procedure and form all distinctions between law and equity, the position taken by the defendants is, doubtless, impregnable. Indeed, the proposition is so well settled that it need only be stated. "*At law*, the debtor has a right to stand upon his contract," said Mr. Justice Story, in *Mandeville* v. *Welch*, (5 Wheaton, 277.) To allow the creditor to split an entire claim into any number of fragments he may chose, would subject the debtor to conditions to which he never assented, and involve him in embarrassments and responsibilities which he never contemplated. It has always been considered that a plaintiff having an entire demand, cannot divide it into distinct parts and maintain separate actions upon each. If he undertakes such a course, a recovery in one action will bar the others. (*Smith* v. *Jones*, 15 John. 229; *Willard* v. *Sperry*, 16 *Id.* 121; *Marziou* v. *Pioche*, 8 Cal. 536; *Herriter* v. *Porter*, 23 *Id.* 385.) If he cannot do this himself, by parity of reason, he cannot by an assignment enable others to do it, either in his name, as at common law, or, under the rule in this State, in their own. This question, substantially, was

before us in a recent case, involving the question whether part of an entire demand, so assigned, could be attached in the hands of the debtor, at the hands of a creditor of the assignee. We considered that it could not, for the reason that only the *legal* demands of the defendant in an attachment could be reached · by garnishment; that is to say, only such demands as the defendant in the attachment could have recovered in an action at law, under the practice at common law, and that by the assignment in question, the defendant in that case had acquired, if anything, only a lien in equity upon the fund, which the plaintiff undertook to reach by his attachment. (*Hassie* v. *G. I. W. U. Congregation,* 35 Cal. 378.)

The claim put forward by the plaintiffs, that the assent of the defendants to the assignment is alleged in the complaint, is without any substantial foundation. The allegation is, "of which said assignment the defendants have had due notice." This is not an allegation that the defendants knew of the assignment at the time it was made, and assented to it, or that they afterward did so. It is merely an allegation of the notice, which an assignee of such a demand as that declared on is required to give, in order to stop payment to his assignor, and thus secure to himself the subject of the assignment.

In view of what has been said, we must agree with counsel for defendants, that had the plaintiffs gone, under the English practice, into a Court of law, upon the facts stated in their complaint, they could not have been allowed to recover. And if they could not have amended their complaint so as to show an express assent to the assignment by the defendants, they would have been finally told they were in the wrong forum. But under the system of practice which prevails in this State, such results do not follow. Legal and equitable relief are administered in the same forum, and according to the same general plan. A party cannot be sent out of Court, merely because his facts do not entitle him to relief *at law,* or merely because he is not entitled to relief *in equity,* as the case may be. He can be sent out of Court only when, upon his facts, he is entitled to *no relief,* either at law or in equity.

If, then, upon the *facts* stated in the complaint, the plaintiffs would have been entitled to relief in equity under the old system of practice, the ruling of the Court below was erroneous.

Here, too, we agree with counsel for the defendants, that, under the English practice, a Court of Equity would not grant the plaintiffs relief, as the case now stands; not, however, upon the ground that the *facts* do not entitle him to it, but because *all of the parties* interested in the subject-matter are not before the Court. There can be no question but that equity will sustain this assignment, and take an account of the indebtedness between Brooks & Co. and the defendants, and settle and ascertain the respective interests of Brooks & Co. and plaintiffs in the funds, and render judgment accordingly. This is not denied by counsel for the defendants. Indeed, that equity will do this, is quite as well settled as it is that law will not. (*Field* v. *Mayor of New York*, 2 Seld. 179; *Pope* v. *Huth*, 14 Cal. 407; *Pierce* v. *Robinson*, 13 *Id.* 120.) Had the plaintiffs made Brooks & Co. parties, and added a prayer for an account and apportionment of the debt due from the defendants, there could have been no question as to their right to relief. Under our system of practice, then, the real objection in this case is not a want of *facts*, but a want of *parties*. The defendants are entitled, if they so desire, to have all the parties having an interest in the subject-matter before the Court, in order that its judgment shall be a final determination of the whole matter, and leave nothing to be done by piecemeal. But our system makes no distinction between law and equity cases, and if the defendants were unwilling that this case should proceed by piecemeal, or without the presence of Brooks & Co., they should have put their demurrer upon that ground. Having demurred only upon the ground that the facts are insufficient, their demurrer should have been overruled, for the statute expressly provides that if no objection be taken for the want of parties, the objection shall be deemed waived. The defendants were at liberty to waive the objec-

tion, if they saw proper to do so. This they did, by not taking the objection in the appointed mode.

In conclusion, it is proper to say that if, in the course of the subsequent proceedings in this case, the Court should find it impossible to completely determine the controversy between these parties, without the presence of other parties, the Court may order them to be brought in, notwithstanding the failure of the defendants to insist by demurrer upon their presence. (Practice Act, Sec. 17.)

Judgment reversed, and cause remanded.