# BELT, ET AL. *v.* POPPLETON.

AWARD.—An award which does not determine all matters submitted to the arbitrators is not binding, but a subsequent promise to perform, by the party against whom it is sought to be enforced, operates as a ratification and renders it obligatory.

APPEAL from Polk County.

*R. S. Strahan and A. C. Sweet,* for appellant.

*Bonham & Ramsey, and M. L. Pipes,* for respondents.

By the Court, WATSON, C. J.:

The respondents instituted this suit as assignees of a certain award given in favor of O. D. Buck, and against the appellant, to obtain payment, respectively, of the amounts severally assigned to them out of such awards. The complaint sets out the submission and award, which were in writing in full, and alleges a subsequent parol promise by appellant to pay the same. It also sets forth the several assignments to the respondents. According to the terms of the submission, the controversy to be determined by the arbitrators was "in relation to a certain contract" for the construction of a brick store, and also in relation to demands of the said Buck against the said Poppleton (appellant) for extra work done and extra materials furnished on and for said store building, and for changes made by said appellant in the plans and specifications of said store building, as set forth in said contract, during the progress of work on said store building, and in relation to certain verbal agreements made subsequent to the original contract.

The award includes the following among other items:

Amount due Buck, extra work and material...... $265 55

Amount due Buck, surplus material sold to Poppleton................................... 132 27

Damages for being unlawfully dispossessed of the

   building by Poppleton.......................... 200 00

It also contains a statement that the sum of $110 is to be retained by Poppleton from the aggregate thus found due to Buck until a dispute between Buck and Angus Campbell over a claim for damages by the former against the latter, involving that amount, and growing out of the latter's contract to furnish materials, for the price of which he had filed a lien on the building, should be settled between them, when, if determined in Buck's favor, the said sum of $110 should be included, otherwise deducted from the aggregate amount so awarded. The complaint alleges the settlement of this dispute in Campbell's favor before the bringing of the suit, and only claims the balance of the amount awarded after deducting said sum of $110. The appellant demurred to the complaint on the grounds: (1) The facts alleged do not make a case in equity; (2) the award goes beyond the submission in some particulars; (3) some of the matters submitted are not determined by the award. The demurrer was overruled. An answer was then filed by the appellant, and upon the issues made the proofs were taken, and the decree brought here for review rendered in favor of the respondents. But as the allegations in the complaint seem fairly sustained by a preponderance of the evidence, the only questions of law for us to determine arise upon the demurrer thereto.

1. As to whether the case stated in the complaint is properly cognizable in equity, it seems to us there can be no doubt. Assuming that the assignments to the respondents are of portions of the award, and not merely of the proceeds therefrom, as they have been treated in the arguments of counsel, still they would only be partial assign-

ments, and incapable of enforcement by proceedings at law. The authorities to this effect appear to be both numerous and uniform. (2 Story's Eq. Jur., 1044; Bliss, Code Pl., 65; *Field* v. *Mayor, etc., of New York*, 6 N. Y., 179; *Grain* v. *Aldrich*, 38 Cal., 514.)

2. The item of $132.27 for surplus material sold to the appellant, allowed to Buck by the award, is not within the terms of the written submission, as we construe that instrument. But the testimony shows the matter was before the arbitrators, without objection, and was fully considered. Buck testifies that he proposed to the appellant to let him have such material, consisting of cement, sand, paint, etc., at first cost, and freight, which proposition was accepted by the appellant. They both then went with the arbitrators to where the material was, and figured up what the portion appellant got came to, and the remainder was set apart for Buck by the arbitrators. Appellant admits in his testimony that he afterwards used a portion of this material and sold a portion of it on his own account. Buck's statement as to how the matter came before the arbitrators is not disputed. In view of these admitted facts, and the appellant's subsequent express promise to pay the amount awarded to Buck, and including the value of this material, which we find from the testimony to have been made, the appellant is certainly precluded from making the objection now that the subject of the surplus material was not within the terms of the submission. As the submission might have been by parol, the subsequent parol promise to perform the award, including the value of the surplus material, was a valid ratification of the award in that respect. (*Page* v. *Pendergast*, 2 N. H., 233.)

As to the item of $200 damages awarded Buck on account of his having been dispossessed of the premises by appell-

ant before his contract had been completely performed, the preponderence of the evidence shows that the matter was considered by the arbitrators, without any objection from the appellant, on the ground that it was not embraced in the submission. If any dispute upon this subject did in fact exist when the submission was entered into, it might clearly be deemed a controversy in relation to the contract for the construction of the store, and therefore covered by the very terms of the submission. And the fact that the matter was brought before the arbitrators, and considered by them without objection by the appellant, on the grounds either of there having been no such dispute or of its not being within the submission, must be held conclusive that such dispute did exist, and was therefore included in the submission. But had the facts been otherwise, the subsequent promise to pay the award would have taken away the objection.

3. Upon the last point it is clear the respondents must have failed, if they had not succeeded in proving appellant's promise to pay the award after it was made known to him. The general rule undoubtedly is that an award which does not determine every matter submitted is not binding. (Wats. Arb., 121; *Wright* v. *Wright*, 5 Cow., 197; *Jackson* v. *Ambler*, 14 Johns., 96; *Jones* v. *Welwood*, 71 N. Y., 208; *Davis* v. *Dyer*, 54 N. H., 146.) But a subsequent ratification takes away all objections on this ground, and a promise to perform the award is sufficient. (*Cross* v. *Cross*, 17 N. J. Eq., 188; *Williams* v. *Williams*, 11 Smedes & M., 393; *Culver* v. *Ashley*, 19 Pick., 300.

We find no error in the decree of the lower court, as alleged by the appellant, and it is therefore affirmed.