STOKES *ET AL.* v. LIVERPOOL & LONDON & GLOBE INS. CO.

(139 S. E., 846)

1. PARTNERSHIP—JUDGMENT AGAINST PARTNER INDIVIDUALLY IS NOT VALID AS TO PARTNERSHIP PROPERTY.—A judgment against a partner individually in which the other partner is not joined is not valid as to partnership property.

2. INSURANCE—REJECTING EVIDENCE THAT FIRE POLICY WAS WRITTEN FOR LUMP PREMIUM, AND RATE WAS SAME ON ALL PROPERTY COVERED, HELD NOT ERROR.—In action on fire insurance policy covering building and appurtenances, rejection of testimony that policy was written for lump premium, and that rate was the same on all property covered, *held* not error.

Before HENRY, J., Darlington, November, 1925.   Affirmed.

Action by M. L. Stokes and another against the Liverpool & London & Globe Insurance Company.   Judgment for plaintiffs, and defendant appeals.

*Messrs. Jas. H. Fowles* and *Dargan & Paulling,* for appellants, cite:  *Verdict for defendant in first trial reversed:* 130 S. C., 521.   *Plaintiff without assignee or trustee cannot maintain this action:*  73 S. C., 102; 111 S. C., 487, Secs. 354, 355, Code Proc.   *Mortgage:*   112 S. C., 234; 93 S. C., 99.   *Claim and delivery proceedings by sheriff here amounted to foreclosure:*  77 S. C., 32; Sec. 472, Code Proc.   *Same, under terms of policy renders it void:*   55 S. C., 450.   *Policy an entire and indivisible contract:*   19 L. R. A., 211; 36 S. E., 821; 88 N. C., 141; 56 S. E., 506; 8 L. R. A. (N. S.), 839.

*Messrs. Miller, Lawson & Stokes* and *J. Monroe Spears,* for respondent, cite:  *Law of case declared:*   130 S. C., 521.   *Not error to reject evidence that plaintiff had been adjudged bankrupt:*  Sec. 364, Code.   *"Partnership":*  72 S. C., 427; 18 S. C., 233; 23 S. C., 543; 31 S. C., 608; 30 S. C., 140; 25 S. C., 309; 54 S. C., 203; 65 S. C., 105; 81 S. C., 203; 168 U. S., 328; 42 L. Ed., 484; 130 S. C., 199.

October 21, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The following statement appears in the "case for appeal" before this Court:

"This action was commenced in June, 1922, by a service of a summons and complaint and was tried at the fall term of Court at Darlington in 1923 before the late Hon. N. G. Evans, special Judge, and a jury, and resulted in a verdict for the defendant.   The plaintiffs appealed to this Court and in opinions No. 11683, filed February 12, 1925, a new

trial was ordered. These opinions are reported in 126 S. E., commencing at page 649. The new trial was had on November 2, 1925, before Hon. J. K. Henry, presiding Judge, and a jury, and resulted in a directed verdict for plaintiffs for $4,000 and interest from January 23, 1922, and upon this verdict judgment was entered. From this judgment, notice of intention to appeal was served by the defendant.

"The printed case in the former appeal is hereby made a part of this appeal."

There are four exceptions. Exception 2 was abondoned at the hearing in this Court. The issues raised by the exceptions are:

"III. Was it error to reject evidence that a claim and delivery proceeding affecting the insured property had been commenced?

"IV. Was it error to reject testimony that the policy was written for a lump premium and that the rate was the same on all the property covered?"

As to the first exception: It is no longer a question in this case in view of the decision of this Court in the former appeal, and in view of what occurred at the trial. Mr. Fowles conceded that as a defense this question was eliminated. This exception is overruled.

As to the third exception: There is no doubt under the evidence, and no other conclusion could be drawn, but that it was partnership property, and a judgment against a partner individually, in which the other partner is not joined, is not valid as to partnership property. This the Court held in its former opinion in this case, and under the testimony in this case and under all of the authorities, a partnership existed between the respondents as to the property involved here; no other inference could be drawn under the evidence in the case.

There is no merit in ·the fourth exception.

All exceptions are overruled as being without merit, and no error on the part of his Honor as complained of, and judgment affirmed.

MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER concurs in result.

MR. JUSTICE COTHRAN (dissenting): This is an action upon a policy of fire insurance, issued September 17, 1921, to M. D. Stokes and M. L. Stokes (husband and wife), in the sum of $4,000, upon the following property: The gin building, $1,500; the gin and appurtenances, $1,500; and the engine and appurtenances, $1,000. The entire property was destroyed by fire on November 23, 1921. The company upon demand refused to pay the amount of the insurance, and on June, 1922, this action was commenced.

The complaint alleges that at the time the policy was issued Mr. and Mrs. Stokes were partners in business at Lydia, S. C., under the firm name of M. L. and M. D. Stokes, and that they had an interest in the property insured as owners of it to an amount exceeding the amount of the insurance. In other respects the complaint is in the usual from. (Note: In the report of the case in 130 S. C., upon former appeal, at page 529, the word "not," in line 17 from the top, should be deleted. See 126 S. E. at page 651, where the sentence correctly appears without that word.)

The answer of the defendant contains practically a general denial which put in issue the allegation of the complaint as above referred to and all other material allegations of the complaint. See observations upon this subject at page 529 in the opinion of the writer. It also set up certain affirmative defenses as follows: (1) That, before the loss, the insured had assigned the policy to the Bank of Oates, causing a forfeiture of the policy under a provision contained therein that "this entire policy shall be void * * * if this policy shall be assigned before a loss"; (2) that, before the loss, the holder of a retention of title contract covering the

machinery and not the building instituted an action of claim
and delivery against the owner of the machinery, for the
purpose of foreclosing his claim upon it, causing a forfeiture
of the policy under a provision contained therein that "this
entire policy shall be void * * * if, with the knowledge of
the insured, forclosure proceedings be commenced * * * of
any property insured hereunder by reason of any mortgage
or trust deed"; (3) that, before the loss, the holder of a
retention of title contract covering the machinery and not
the building instituted an action of claim and delivery
against the owner of the machinery, for the purpose of fore-
closing his claim upon it, causing a forfeiture of the policy
under a provision contained therein that "this entire policy
shall be void * * * if any change * * * take place in
the interest, title, or possession of the subject of insurance."

The case was first tried before the late Hon. N. G. Evans,
as special Judge, and resulted in a verdict for the defendant.
Upon appeal by the defendants the judgment was reversed
and a new trial ordered.   (130 S. C., 521.)   The leading
opinion was written by Justice Watts.   He was of opinion
that the exceptions which challenged the admission of evi-
dence tending to show that one W. H. Steele, who held a
title retention contract signed by M. D. Stokes, covering the
gin and other machinery, had instituted claim and delivery
proceedings, and the charge of the Judge in reference thereto
should be sustained, upon the ground that all of the property
insured was partnership property, and that a proceeding
against one partner to foreclose a contract which he alone
had signed would not constitute a forfeiture under the
policy, as claimed by the defendant.   He also held that the
assignment of the policy as collateral security did not con-
stitute a forfeiture of the policy.   Upon these grounds he
held that the defendant had failed to sustain its defenses and
that a directed verdict should have been ordered in favor
of the plaintiffs for the full amount of the policy with in-
terest.   Justice Fraser concurred in the opinion of Justice

Watts, except that in his opinion a new trial should be ordered instead of a directed verdict. Justice Cothran wrote a concurring and dissenting opinion, in which he concurred with Justice Watts in his disposition of the exceptions assigning error in allowing the defendant's amendment and in his holding that an assignment of the policy as collateral did not constitute a forfeiture. He dissented from the conclusion that the evidence showed that the machinery was partnership property; on the contrary, that it showed the title to the building to have been in Mrs. Stokes and of the machinery in Mr. Stokes; that the retention of title contract constituted a mortgage; and that the suit in claim and delivery was an action of foreclosure within the terms of the policy. He left open the question of the effect of the agent's knowledge of the existence and past maturity of the mortgage and also of the effect of a forfeiture of Mr. Stokes' interest upon the interest of Mrs. Stokes. In that opinion Justice Marion concurred. I think, therefore, that every question of fact has been left open; that every question of law, except those wherein Justice Cothran concurred with Justice Watts, is in a similar condition.

The case then came on for trial before his Honor, Judge Henry, and a jury. His Honor ruled out practically all testimony offered by the defendant, and naturally directed a verdict for the plaintiff for the full amount, doing exactly what a majority of the Court upon the former appeal decided could not be done. He ruled out testimony tending to establish the following facts set up by the defendant as defenses to the right of the plaintiffs to recover: (1) That the policy, prior to the fire, had been assigned to the Bank of Oates and was then held by that bank; (2) the retention of title contract, alleged to have been executed by M. D. Stokes to W. H. Steele July 1, 1920, covering the machinery in the gin house; (3) the fact that the machinery covered by the retention of title contract was the same as that covered by the policy of insurance; (4) the record of the claim and

delivery proceedings brought by W. H. Steele, instituted November 7, 1921, before the fire, for the recovery of the possession of the property covered by the retention of title contract of July 1, 1920; (5) testimony to the effect that the policy was written for a lump premium and that the rate was the same on all property covered by the policy, such evidence tending to show that the policy was indivisible and entire.

It has been decided upon the former appeal that the fact of the assignment of the policy as collateral security did not constitute a forfeiture of the policy under the provision therein that the policy should be void "if this policy be assigned before a loss." The appellant concedes this to be conclusive upon its special defense based upon that clause, but contends that the fact of assignment could be established in order to defeat the plaintiffs' action, upon the ground that they were not the real parties in interest, under Section 354 of the Code.

I take the rule to be this: In an *absolute* assignment of a chose in action, the assignee, as the only real party in interest, can alone maintain an action upon the assigned chose in action; but in an assignment as *collateral security,* the original payee is to an extent, perhaps less than the assignee, a real party in interest, and may maintain the action upon making the assignee a party thereto, so that the interest of both parties may be determined in the one action and a full acquittance to the obligor concluded. The assignee also as a real party in interest may maintain the action. In the latter case it would appear preferable, for the same reasons, that the original payee be made a party. *Graham v. Light,* 4 Cal. App., 400; 88 P., 373.

If, therefore, the defendant has any ground of complaint, it is that the bank, assignee of the policy as collateral, has not been made a party. This would be a ground of demurrer for defect of parties, which is waived by failure to de-

mur, under the express provisions of Section 405 of the Code.

The vexing question, however, is in connection with the defendant's special defense that the entire policy has been avoided under the following provision in the policy:

"This *entire* policy shall be void * * * if with the knowledge of the insured *foreclosure proceedings be commenced* or notice given of sale *of any property insured hereunder, by reason of any mortgage* or trust deed."

The contention of the defendant was that on July 1, 1920, the defendant M. D. Stokes purchased from one W. H. Steele certain of the machinery covered by the policy of insurance and executed a contract, by which he agreed that the title to the machinery agreed to be sold shall remain vested in the seller until fully paid for in cash by the purchaser; that on November 7, 1921, 16 days before the fire, W. H. Steele instituted a proceeding in claim and delivery for the possession of the gin machinery covered by the retention of title contract, the conditions of which as to payment having been breached by the buyer, which proceedings were served upon M. D. Stokes on that day; that they constituted a breach of the conditions of the policy and rendered it void as to both the plaintiffs.

All of this proposed evidence, tending to establish the special defense of the defendant, was excluded by the presiding Judge. The evidence appears to have been excluded upon the ground that it had been conclusively settled, either by the previous decision of this Court or by the evidence upon the second trial, that the machinery on account of which the claim and delivery proceedings were instituted was *partnership* property, and that an action of that nature brought against one of the partners could not work a forfeiture of the policy under the provisions invoked by the defendant. This is also the ground upon which Chief Justice Watts bases his opinion:

"There is no doubt under the evidence, and no other conclusion could be drawn, but that it (the machinery) was partnership property, and a judgment against a partner individually, in which the other partner is not joined, is not valid as to partnership property. *This the Court held in its former opinion in this case,* and under the testimony in this case and under all of the authorities, a partnership existed between the respondents as to the property involved here; no other inference could be drawn under the evidence in the case." (Italics added.)

With all deference I do not think that either statement is sustained by the record upon the former appeal or by the evidence upon the second trial.

In his opinion upon the former appeal Mr. Justice Watts (then Associate, now Chief, Justice) was of opinion that:

"The record shows beyond question that the property insured was the partnership property of the appellants," the plaintiffs.

The writer, in a concurring and dissenting opinion, disagreed with that conclusion, being of opinion that:

"The evidence tends to show that Mrs. Stokes owned the land, and, of course, the building erected upon it, and that *Mr. Stokes owned the machinery.* He certainly owned it (subject to the retention of title contract), when he bought it in July, 1920, and there is no evidence tending to show that he ever parted with any portion of his interest. * * * If it should be assumed that it (the business in which the husband and wife were claimed to be partners) was a ginning business, the conduct of that business was not inconsistent with separate ownership of the building of Mrs. Stokes and separate ownership of the machinery by Mr. Stokes."

In that opinion Mr. Justice Marion concurred. Mr. Justice Fraser concurred generally in the opinion of Mr. Justice Watts, but thought that a new trial instead of a directed verdict should be ordered. If he had concurred in the con-

clusion that the machinery was partnership property, he would have agreed to the course suggested by Justice Watts, a directed verdict for the plaintiffs, as there was nothing then to prevent it. It appears more plausible, therefore, that he agreed to the conclusion of Justices Cothran and Marion for a new trial upon the grounds stated. But in any event, assuming that he intended to agree to all of the conclusions of Justice Watts, the conclusions of those two Justices (Chief Justice Gary not participating), can no more be considered as adjudications than the contrary conclusions of Justices Cothran and Marion. So I do not think the statement that the Court in its former opinion has held that the machinery was partnership property is correct, and think that that issue was entirely open to testimony on the second trial.

Now, then, as to the other statement in the opinion of Chief Justice Watts, that no other conclusion can be drawn from the evidence than that the machinery was partnership property. I do not at all agree to this proposition; on the contrary, I think that, at the least, this was an issue of fact in the case which should have been submitted to the jury, and not taken from them as was done by a directed verdict for the plaintiffs.

The written evidence proposed by the defendant, but excluded by the Court, unquestionably tended to show that on July 1, 1920, M. D. Stokes purchased the machinery from Steele and executed a retention of title contract to him. He was certainly the owner of the property in his individual right at that time. It is a familiar principle of evidence that a condition once shown to have existed will be presumed to have continued in the absence of opposing evidence. M. D. Stokes claims in his testimony that the building and the machinery both were partnership property, and yet he was unable to produce the slightest written evidence, or parol, for that matter, to sustain his claim. Here was nothing to

show that Mrs. Stokes ever conveyed or sold to him an interest in the building, or that he ever sold to her an interest in the machinery. The act that they were partners in the mercantile business, and also in the ginning business, afforded no evidence that either had conveyed to the other an interest in the separately owned property. It is more probable that she put in her building and he put in his machinery which was subject to a mortgage, and that the partnership extended only to the ginning *business* and not to the *property*.

Mr. Richardson, a witness for the defendant, the agent who wrote and delivered the policy, testified that at the time M. D. Stokes stated to him that Mrs. Stokes owned the building and *he the machinery*. I do not see how it can be said that from this evidence no other reasonable inference could be drawn than that the machinery was partnership property. I think that the inherent improbability that a wife would convey a half interest in a building upon land owned by her, and that the husband would convey a similar interest in machinery owned by him, conceding that they were partners in the ginning *business,* is so great as to exclude such an inference from the evidence adduced, weak as it is.

Now, then, assuming as we are justified in assuming, that under the evidence excluded the jury may have found that the machinery was not partnership property, but that Mrs. Stokes owned separately the building and Mr. Stokes the machinery, what would have been the effect upon the *entire policy* of the excluded evidence of the institution of the claim and delivery proceedings?

I do not think that any additional authorities to those cited by me upon the former appeal (130 S. C., pages 531, 532; 126 S. E., 649) are necessary to sustain the position that the retention of title contract of July 1, 1920, was, in legal contemplation, a chattel mortgage, or that the pro-

ceeding in claim and delivery was an action to foreclose
a mortgage. If so, under the express terms of the policy,
the institution of such a proceeding avoided the policy, cer-
tainly as to the interest of M. D. Stokes.

This much is sufficient ground for the reversal of the
judgment below as to M. D. Stokes. Unless a majority of
the Court agree with my conclusions above set forth, it
would be a waste of time and energy to discuss the effect
of a forfeiture of the interest of M. D. Stokes upon the
interest of Mrs. Stokes.