### WESTPHAL and others v. LUDLOW.

*(Circuit Court, D. Minnesota.* March, 1881.)

1. PROMISSORY NOTE—COLLATERAL SECURITY—NOTICE OF DISHONOR.

   The strict rules of law relative to the presentation and notice of the dishonor of promissory notes do not prevail when such notes are held as collateral security for a precedent debt.

2. SAME—ORIGINAL DEBT.

   The failure to present and protest a note taken as collateral security will not defeat a recovery of the original debt, where the amount of the note was not lost through the negligence of the creditor.—[ED.

This action was tried before the court without a jury.

The plaintiffs are citizens and residents of the state of Iowa, and the defendant is a citizen and resident of the state of Minnesota.

In the year 1878, and previous to the month of September, the defendant was indebted to the plaintiffs for goods sold, and on the eighteenth of that month he enclosed in a letter to them a note of C. St. John Cole for $325, dated November 14, 1877, payable to defendant's order 12 months from date, and indorsed by him, proposing that they accept the note as payment on his account, the interest being computed to that date.   Plaintiffs answered, declining the proposition, on September 11, 1878, but saying they would take it for collection, "applying the proceeds on your [his] account if collected at maturity."   Not receiving a reply, plaintiffs, on September 21st, wrote, inquiring whether they should return the note or "send it for collection, applying proceeds on your [defendant's] account."

The defendant replied September 27th, according to the plaintiffs' suggestion, requesting them to collect it, and stat-

ing that "the maker would pay it at the Worthington bank; then you [plaintiffs] can credit me with all you get."

The plaintiffs sent the note to the Worthington bank, and on November 22d, after its maturity, wrote the bank: "Mr. C. St. John Cole's note is now past due. What does he say about it? and what are the prospects of its being paid?" The bank answered, November 25th: "C. St. John Cole's note (No. 1386) is still unpaid. We think he can pay something on it in 10 days. Shall we keep it or return it?" November 27th the plaintiffs instructed the bank to keep it 10 days. On December 6th the bank returned the note, informing the plaintiffs that Cole was closed up by levy on goods that day. On December 9th plaintiffs returned the note to the defendant, and he, through an attorney, sent the note back, stating "that the same had been lost and become worthless through your [plaintiffs'] negligence."

Defendant was informed, November 27 or 29, 1878, that the note was unpaid and in bank, and did not write the plaintiffs or take immediate steps to obtain possession of it; but, on the contrary, wrote them, November 29th, that "Cole is behind some, but is taking everything in rotation, and says he will get to that note, he thinks, the last of next week."

Cole confessed judgments and the sheriff took possession of his stock, valued at $2,200, December 6th, which embraced all of his visible property. This amount was not enough to pay all of his indebtedness. The evidence is that on November 17th, when this note matured, Cole was in no better financial condition.

*Rogers & Rogers*, for plaintiffs.

*Chas. D. Kerr*, for defendant.

NELSON, D. J. The plaintiffs are not held to the strict rules in regard to the presentment, at maturity, of the note taken as collateral security, and notice of non-payment to his debtor. The note was not received, although indorsed by the defendant, upon the condition that they would use such diligence. It does not represent the original debt, and to hold the defendant it is not necessary that the plaintiffs should regularly proceed to have the note presented and protested. It was

not a satisfaction and extinguishment of the original debt, and a failure to give notice of non-payment will not necessarily defeat a recovery. If, however, by the neglect and laches of the plaintiffs the defendant was injured and the amount of the note lost, he may plead such negligence as a defence, for in such case the plaintiffs would be bound, as trustees or agents, to see that the defendant did not suffer loss on their account.

Was the note lost through the plaintiffs' negligence? Defendant urges that the insolvency of the maker occurred after its maturity, and if he had been informed of its non-payment he could have secured himself. The evidence, as interpreted by me, does not prove the insolvency of the maker occurred after the note matured.

The maker, in his testimony, says his financial condition at the maturity of the note was the same as December 5th, when several judgments were confessed by him in favor of other creditors, and there is no evidence to the contrary. He certainly had not sufficient property to pay his debts, and thus, I think, was insolvent at the maturity of the note. Judge Washington, in *Gallagher's Ex'rs* v. *Roberts*, 2 Wash. 191, says Buller lays down the true rule in his Nisi Prius, (Ed. 1806) p. 182: "If a note is indorsed for a precedent debt, and a receipt was given as for so much money when the note shall be paid, and the creditor neglects to apply to the maker in time, and by his laches the note is lost, the precedent debt is extinguished;" but if it is kept without demand and insolvency takes place, the creditor who receives it must lose. See, also, 2 How. (U. S.) 457. This doctrine determines this case. The note taken as collateral security matured November 17, 1878. The defendant knew it was unpaid November 29, when he quieted the plaintiffs by writing them that Cole would pay it soon.

There is no direct evidence of a demand made for payment at maturity, and if it is conceded that he was not applied to in time, there is not in addition laches which damaged the defendant. Cole was insolvent, in fact, when the note matured, and the ordinary mode of legal proceedings would not

save the debt. There is no evidence to show that a writ of attachment could have been obtained, and even the defendant, who lived near Cole, says that he was not aware of his insolvency at that time, and doubted it as late as December, when the levies were made.

Judgment will be entered for the plaintiffs for the amount claimed.