# WILLIAM VANLIEW
## v.
## SECOND NATIONAL BANK OF GALESBURG.

*Negotiable Paper—Recovery* pro tanto *on Note Held as Collateral, though Paid to Payee—Application of Payment—Practice.*

1. The holder of a note, assigned before maturity as collateral security for a pre-existing debt, may recover from the maker the amount due on said debt, although the latter has paid the note to the payee.

2. Where said amount is less than the amount of the note a recovery may be had *pro tanto*, although the declaration claims the amount of the note.

3. The maker is not entitled, upon the facts presented, to an allowance on account of a certain payment presumed to have been made to the holder by the payee.

4. This court refuses to disturb the finding of the court below that the note was assigned before maturity, there being ample proof to justify said finding.

5. This court may ignore an objection not raised below, and not specifically stated in the assignment of errors.

[Opinion filed August 26, 1886.]

IN ERROR to the Circuit Court of Fulton County; the Hon. SIMON P. SHOPE, Judge, presiding.

Messrs. C. G. WHITNEY and C. F. ROBINSON, for plaintiff in error.

Messrs. JOHN A. GRAY and WILLIAMS, LAWRENCE & BANCROFT, for defendant in error.

WALL, J.   This was an action of assumpsit on a promissory note given by plaintiff in error to A. H. Miller, for $3,000, dated November 24, 1880, payable three years thereafter, indorsed by the payee to one O. J. Beam, and by the latter to the defendant in error.   The indorsement last named was before maturity and as collateral security for a loan of $2,000 made by the bank to Beam.

Subsequently, and a short time before this note matured, plaintiff in error gave his three notes of $1,000 each in payment of this note which Beam informed him was temporarily out of his possession, but which, claiming to own still, he promised to obtain and hand over to plaintiff in error in a short time.   Plaintiff in error made several applications for the note, but was put off from time to time and did not learn where the note was held until he received notice and request for payment from the defendant in error.

The three notes of $1,000 each which he gave in renewal or payment of this were negotiated to third parties before maturity.   It appeared that the bank took the note in suit before maturity and before payment as above stated, and that it acted in good faith.   The case was tried by the court without a jury and there was a finding and judgment for plaintiff below for the amount due on the Beam note, for which this was held as collateral, $2,073.33.

The holder of a note assigned before maturity as a collateral to secure a pre-existing debt, may recover from the maker the amount of money due him, the holder, although the maker may have paid the note to the payee.   Mayo v. Moore, 28 Ill. 428.   This proposition is not controverted, as we understand, by plaintiff in error; but it is urged that upon a decla-

ration claiming the whole of the note, there can not be a recovery *pro tanto* for so much as the plaintiff is entitled to receive as holder for collateral security. No authority is cited for this position, and we should be surprised if any such could be found.

*Prima facie* the holder of the note may recover the full amount due. If he holds it merely as collateral, the surplus over his debt would be for the benefit of the payee ; but if the maker has a defense against the note in the hands of the payee, he may insist that the holder shall not recover more than the debt for which the collateral was held.

In other words, the maker may set up and avail of his defense *pro tanto* to the surplus. There is no valid reason for requiring special averments as to the amount plaintiff may recover in such case. He may declare, as was done, for the whole amount due upon the face of the paper, and recover whatever may appear from the evidence is due him from defendant.

It is next urged in the brief that the judgment is excessive by $232.58. This point was not made in the motion for new trial, nor is it specifically stated in the assignment of errors. We might therefore properly ignore it. Emory v. Addis, 71 Ill. 273.

It is based upon the fact that there appears an indorsement on the note in suit of $210 paid as interest after it came to the bank. This payment was not made by the plaintiff in error as he states, and it is to be presumed that it was made by Beam and applied by his consent or direction on other paper of his held by the bank. We find that after this interest was paid Beam renewed his note to the bank for $2,000. It is difficult to see upon what ground the plaintiff in error can take any benefit as against the bank by reason of this payment which he did not make.

It is urged, finally, that the note was not assigned to the bank before maturity and that it was taken subject to all the equities arising out of the transaction between plaintiff in error and Beam. We deem it not incumbent upon us to state and discuss the evidence bearing upon this point, but it suffices

to say there is abundant proof to justify the conclusion reached by the trial court. No error appearing in the record the judgment will be affirmed.

*Affirmed.*