Josephine Chesley Hodges

*v.*

Walter Thomas Nash.

141  391
66a 557

,141    391'
103a ⁴344¦

[141   391]
|203  ⁴33₄|

*Filed at Ottawa May 12, 1892.*

1. Accommodation paper—*want of consideration—effect as defense.* In a suit upon a note, the fact that the note was executed by the defendant without consideration, and for the accommodation of a third person, to be used by the latter as a collateral, and was to be returned to the defendant at or before maturity, and that the plaintiff had notice of the character of such note as an accommodation note, will not constitute a defense, when it is not further shown that the plaintiff's title to the note was in any degree inconsistent with the purposes for which it was executed.

2. In such case, if the plaintiff was the very party with whom the third person was to use the note as collateral, the want of consideration, as between the original parties to the instrument, will be no defense to it in the plaintiff's hands. The fact that a holder for value knows that the instrument is accommodation paper, does not affect the liability of the accommodation maker, for the money paid out in the negotiation of the paper is a sufficient consideration to bind the maker.

3. Same—*pledged as security—right of pledgee.* An accommodation note may be pledged as security, if such pledge is not inconsistent with the purposes for which the paper was executed; and the pledgee is deemed to be a holder for value, and may maintain a suit against the accommodation maker on the paper.

4. Continuance—*absent witness—essentials of affidavit.* Where a continuance is asked on the ground of the absence of a material witness, the affidavit should show the inability of the party to prove the same facts by other witnesses, and where that is not shown, the continuance may properly be refused. The affidavit will also be defective if it fails to show the materiality of the testimony of the absent witness.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Mr. Edmund Furthman, for the appellant.

Messrs. Swift, Campbell & Jones, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

The only errors assigned in this case are such as call in question the rulings of the Superior Court upon the appellant's motion for a continuance. The action is assumpsit, brought by the appellee upon a promissory note, executed by the appellant, payable to her own order and by her endorsed in blank, the declaration consisting of a special count on said note and the common counts, and the plea being *non assumpsit*.

It is claimed that, prior to the trial, the cause had been placed on the short cause calendar, but the record furnishes no evidence of that fact, beyond what appears in the affidavit filed in support of the appellant's motion for a continuance. On the 23d day of March, 1891, the appellant's counsel entered a motion in her behalf for a continuance, and in support of said motion, read his own affidavit, in which, after stating that he was the appellant's attorney in said cause and had prepared her plea therein, and had had charge up to that date of the preparation of said cause for trial, stated that the notice to place said cause upon the short cause calendar was served upon a clerk in the office of Edmund Furthman, and was then taken to his residence; that Mr. Furthman was sick and confined to his house, and the matter did not receive attention by him for that reason, and by inadvertence was not returned to his office, and that the deponent was not aware, until the Saturday next preceding the making of said affidavit, that the case was upon the short cause calendar; that thereupon he sent a messenger to the residence of the defendant on Michigan avenue, and learned that she was at Anderson, Indiana; that he at once telegraphed her at that place, and received, in response, a telegram stating that she was seriously ill and confined to her bed; that deponent then telegraphed for a certificate of the defendant's inability to attend the trial, and received in response the certificate of a physician that he had examined the defendant, and that she could not leave her

room without serious risk to health and life.　The affidavit then continued as follows:

"This deponent further says that the defendant is a necessary and material witness on her own behalf in the trial of this cause, by whom he expects to prove that the said note mentioned in said declaration was purely for the accommodation of one Mrs. K. McComb, and without any consideration whatever, and that the plaintiff had full knowledge of these facts, to-wit, that at the time of making said note, the defendant was not indebted to Mrs. K. McComb in any sum whatever; that at her request and for her accommodation solely, she executed the note to aid the said Mrs. K. McComb in some business transactions, with the express understanding and agreement that the said note was to be used as collateral by the said Mrs. K. McComb, and to be returned to said defendant on or before its maturity, of all these facts the plaintiff had notice; that no special plea has been prepared for filing for the reasons above set forth for not having the case fully prepared, and for the further reason that the exact facts and details of the transactions between the defendant and Mrs. K. McComb were to be stated by the defendant to this deponent upon another day after the plea had been signed, when she was to come to the office of Mr. Furthman for that purpose."

The court, after hearing said affidavit, denied said motion for a continuance, to which ruling the defendant by her counsel excepted.　A trial was then had before the court and a jury, resulting in a judgment in favor of the plaintiff for $2328.88, the amount due on said note, and costs.　This judgment has been affirmed by the Appellate Court on appeal, and this appeal is from said judgment of affirmance.

We think the affidavit was clearly insufficient to entitle the defendant to a continuance.　In the first place, it failed to show that there were not other witnesses by whom the facts to which the defendant could testify could be proved.　Where

a continuance is asked on the ground of the absence of a
material witness, the affidavit should show the inability of the
party to prove the same facts by other witnesses, and where
that is not shown, the continuance may properly be refused.
*Jarvis* v. *Shacklock*, 60 Ill. 378; *McKichan* v. *McBean*, 45 id.
228; *Dunn* v. *The People*, 109 id. 635.

In the next place, the affidavit fails to show that the facts
to which the defendant could testify were material.    Those
facts were, that the note in suit was executed by the defend-
ant, without consideration, and for the accommodation of
Mrs. McComb, and was to be used by her as a collateral, and
was to be returned to the defendant at or before maturity, and
that the plaintiff had notice of the character of said note as
an accommodation note, and of the purposes for which it was
executed.    But it is not shown that the plaintiff's title to said
note was in any degree inconsistent with the purposes for
which it was executed by the defendant.    So far as appears,
the plaintiff may have been the very party with whom Mrs.
McComb was to use said note as collateral, and if so, the want
of consideration, as between the original parties to the instru-
ment, was no defense to it in the plaintiff's hands.

The fact that a holder for value knows that the instrument
is accommodation paper does not affect the liability of the
accommodation maker, for the money paid out in the nego-
tiation of the paper is a sufficient consideration to bind the
maker.    And such accommodation paper may be pledged as
security, if such pledge is not inconsistent with the purposes
for which the paper was executed, and the pledgee is deemed
to be a holder for value, and may maintain a suit against the
accommodation maker on the paper.    Tiedeman on Commer-
cial Paper, sec. 158.    The affidavit shows affirmatively that
said paper was executed for the purpose of being pledged by
the party accommodated as collateral, but wholly fails to show
that the plaintiff's title was not acquired as pledgee, or other-
wise in conformity with the purposes for which the paper was

made. The affidavit thus failed to show that, as against the plaintiff, the defendant had any defense. The materiality of the defendant's testimony not being shown, the affidavit was for that reason insufficient.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*