## Christian M. Thom v. Simon Sinsheimer.

1. CHECKS—*Presentment and Notice of Dishonor.*—The want of due presentment and notice of dishonor of a check does not discharge the drawer, unless he has suffered some loss or injury thereby.

2. SAME—*Where the Drawer has no Funds.*—If the drawer of a check has no funds in the bank at the time of drawing the check, or subsequently withdraws them, he commits a fraud upon the payee, and can suffer no loss or damage from the holder's delay or failure in respect to presentment and notice; he is liable without presentment or notice of dishonor.

Assumpsit, on a check. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

DEFREES, BRACE & RITTER, attorneys for plaintiff in error.

MOSES, PAM & KENNEDY, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit brought by the payee (the defendant in error) of a bank check against the maker (plaintiff in error), which resulted in the judgment to reverse which this writ is prosecuted.

The check was given by the maker to one Koehler for his accommodation, and by Koehler's request was made payable to the order of the defendant in error, who in turn cashed it for Koehler at its full face value. The defendant in error had no notice that the check, as between the maker, Thom, and Koehler, was a mere accommodation and given without consideration, but, on the contrary, was told by Koehler that Thom was indebted to him.

The defendant in error subsequently deposited the check in the bank where he did business, and it appears to have gone through the clearing house, but not being paid by the bank on which it was drawn he was required to take it up. He thereupon brought this suit.

The pleadings that followed the special count upon the check reached the stage of surrejoinders, but amounted only to raising the question of the effect upon the defendant in error of the circumstances under which the check was given to Koehler and came to defendant in error, and of the want or failure of consideration as between Koehler and the maker, and notice thereof to defendant in error.

It is contended that it was error to sustain a demurrer to the fourth and fifth rejoinders to the fourth replication to certain pleas. The fourth replication was to the effect that at the time the check was executed and delivered Thom was indebted to Koehler and delivered the check to Koehler in payment of the indebtedness, upon the understanding that Koehler would deliver the check to the defendant in error, and obtain from him the amount it called for, and that Koehler did so deliver the check and obtain the money.

The rejoinders referred to, set up that Thom was not indebted to Koehler and did not deliver the check in payment of any indebtedness, nor upon the understanding set up in said replication, but that Thom delivered the same to Koehler intending to make him a temporary loan, and at his request made the check payable to the defendant in error, and that Thom received no good or valid consideration for making the same, of all which the defendant in error had notice at the time he obtained the possession and ownership of the check.

There are several reasons why the demurrer was properly sustained, among which need only be mentioned that the facts set up do not constitute any defense.

If, as set up by the rejoinders, Thom intended to make Koehler a temporary loan of the amount of the check, and delivered to him the check in furtherance of that purpose, it is no defense against the check in the hands of one who paid full value for it, even though the holder did have notice that the check was given for no other consideration. Hodges v. Nash, 141 Ill. 391.

Furthermore, it appears that under substantially like issues presented by the other pleadings, all the facts of the case were brought out in evidence, from which it plainly appears that the defendant in error had no notice of the circumstances under which Thom gave the check to Koehler.

The other contention in the case is, that there was no evidence that the check was ever presented for payment to the bank against which it was drawn.

The check was deposited by the defendant in error in his bank in the regular course of business, and was returned to him unpaid, and the indorsements on the check show that it went through the clearing house. There was no other evidence of presentment.

It does appear, however, that owing to Koehler's failure to keep his promise to Thom, under which Thom had been induced to give the check, Thom immediately drew all his money out of the bank, in order that the check should not

be paid when presented, and that he had no funds in the bank again until after the check was returned unpaid to the defendant in error.

Under such circumstances the plaintiff in error suffered no loss from a failure to present the check, even if we were to regard the evidence of presentment as insufficient.

" The law is well settled, that the want of due presentment or notice of dishonor of a check, does not discharge the drawer unless he has suffered some loss or injury thereby." Allen v. Kramer, 2 Ill. App. 205.

" If the drawer had no funds in the bank at the time of drawing the check, or subsequently withdrew them, he commits a fraud upon the payee, and can suffer no loss or damage from the holder's delay or failure in respect to presentment and notice. He is, therefore, liable without presentment or notice " 2 Daniel on Negotiable Instruments (2d Ed.), Sec. 1596.

Upon the merits as well as upon the law, the judgment below was right and will be affirmed.