CHARLES S. MERSICK vs. SAMUEL A. ALDERMAN ET AL.

Third Judicial District, New Haven, January Term, 1905.
BALDWIN, HAMERSLEY, HALL, PRENTICE and SHUMWAY, Js.

Unless an accommodation note is shown to have been appropriated
by the payee to some purpose other than that for which it was
given, the maker cannot set up the want of consideration in an
action by one who has acquired the note in good faith, in the
ordinary course of business and for value, although after ma-
turity.

The payee or indorsee of a note held as collateral security may sue
upon it by a complaint in the ordinary form, but is limited in his
recovery to the amount of the debt secured thereby.

Argued January 26th—decided March 9th, 1905.

ACTION upon a promissory note, brought to and tried by
the Superior Court in New Haven County, *Case, J.;* facts
found and judgment rendered for the plaintiff against all
the defendants save Weinick, and appeal by them. *No
error.*

One Freedman desired to purchase lumber of the W. A.
Beckley Company, lumber dealers, and to establish with the
company a present and continuing credit for purchases to
be made forthwith and in the future. The company de-
manded references. Instead, Freedman proposed to indorse
over a good note as collateral security for any indebtedness
he might incur. This being acceptable to the company,
Freedman indorsed and delivered to it the negotiable prom-
issory note of the four defendants now in suit. It was
for the sum of $2,000 and payable to Freedman six months
after date. It was not then due. The company thereupon
furnished Freedman lumber to the amount of between $700
and $800, and continued for a period of years thereafter to
supply him with lumber, all in reliance upon the security of
said note, which it continued to hold until January, 1902,
when a receiver for said company was appointed. The com-

pany took the note and continued to hold it without knowledge or notice of any claim that it was accommodation paper or that there were any claimed defenses to it, either legal or equitable, as between Freedman and the makers.

At the time of the appointment of the receiver, the indebtedness from Freedman to the company, which had for a long time been represented by notes renewed from time to time, was represented by two notes under dates of September 14th and 24th, 1901, respectively, amounting in their principal sums to $786.40.

The plaintiff was the purchaser from said receiver, and under an order of court, of said note for $2,000, and of all claim the Beckley Company had against Freedman by reason of its said transactions with him, and is now the indorsee and holder of said note and the owner of said claim, neither of which have been paid.

The defendants claimed that said $2,000 note was signed by them without consideration and as an accommodation to Freedman. The court did not so find.

Freedman, and Weinick, one of the makers, have since the giving of the note been adjudicated bankrupts and received discharges in bankruptcy.

The court rendered judgment in favor of Weinick, and in favor of the plaintiff against the other three makers to recover $891.69.

*Benjamin Slade,* for the appellants (defendants).

*Harry W. Asher* and *J. Birney Tuttle,* for the appellee (plaintiff).

PRENTICE, J. The plaintiff is the indorsee and holder of the note in suit, of which the defendants are the makers. He is also the owner of the indebtedness which it was indorsed to secure. As such holder of the note, whether in due course or not, and such owner of the indebtedness, he has all the rights of the Beckley Company, through whom he holds. General Statutes, § 4228. The Beckley Company

held the note as collateral security for such indebtedness to it as the payee thereof might incur upon a continuing credit extended to him. It was therefore a lien holder, and as such was both originally and at the maturity of the note a holder for value to the extent of the lien, and to that extent a holder in due course. General Statutes, §§ 4197, 4222. This is conceded.

It is contended, however, that as to any indebtedness incurred by the payee subsequent to the maturity of the note, the Beckley Company was not in the position of a holder in due course, and that therefore as to such indebtedness the note in its hands was subject to the defense on the part of the makers that it was given for the accommodation of the payee and was without consideration.

This contention rests upon two assumptions of fact which are not supported by the finding, to wit: (1) that the note was made for the accommodation of the payee, and (2) that some part of his indebtedness to the Beckley Company arose subsequent to the maturity of the note. It rests also upon the assumption of law that the want of consideration, which is the peculiar characteristic of accommodation paper, is one of the equities or defenses to which such paper, in the hands of one who is a holder for value after maturity, is under all circumstances subject, save as otherwise controlled by § 4228 of the General Statutes. The courts of England and of many of our States have adopted, and the text writers with general unanimity have approved of, a contrary doctrine, which declares that unless the paper is shown to have been appropriated by the accommodated party to some purpose other than that for which it was given, the accommodation makers may not set up the want of consideration in an action by one who has acquired it in good faith, in the ordinary course of business, and for value, although after maturity. *Sturtevant* v. *Ford*, 4 Man. & G. 101; *Stein* v. *Yglesias*, 1 Cromp. M. & R. 565; *Charles* v. *Marsden*, 1 Taunt. 224; *Carruthers* v. *West*, 11 Q. B. 143; *Atwood* v. *Crowdie*, 1 Starkie 483; *Dunn* v. *Weston*, 71 Me. 270; *Seyfert* v. *Edison*, 45 N. J. L. 393; *Miller* v. *Larned*, 103 Ill.

562, 570; *Davis* v. *Miller*, 55 Va. 1; *East River Bank* v. *Butterworth*, 45 Barb. (N. Y.) 476; *Harrington* v. *Dorr*, 3 Robertson (N. Y.) 275; *Maitland* v. *Citizens' Nat. Bank*, 40 Md. 540; 1 Daniels on Neg. Inst., §§ 726, 786, 790; Story on Prom. Notes, § 194; Chitty on Bills, 218; 2 Parsons on N. & B. 28; Byles on Bills, 285; Eaton & Gil. on Com. Paper, 312, 313; Redfield & Big. Leading Cases, 216. The cases holding otherwise—in so far at least as the rule laid down by them is made to embrace situations where, as here, the holder for value parted with the consideration without notice of the accommodation character of the paper—do not have the support of sound reason or safe policy. We are not prepared to introduce into the law commercial a principle so repugnant to its spirit and so fraught with danger. The defendants have shown no misappropriation by the accommodated party. Their defense must therefore fail, and it would not change the result if the finding should be so corrected as to establish the two facts assumed by them as hereinbefore stated.

The defendants claim that the complaint was inappropriate in that it was in the ordinary form of one on behalf of an indorsee of a negotiable note against the maker, and that the judgment did not conform to the complaint in that it was rendered for the amount of the indebtedness which it was given to secure. It is well settled that the payee or indorsee of a note held as collateral may sue upon it, and such is the plain implication of our statutes. General Statutes, §§ 4222, 4227; 1 Daniels on Neg. Inst., § 833; *Hodges* v. *Nash*, 141 Ill. 391; *Whitteker* v. *Charleston Gas Co.*, 16 W. Va. 717; *Reed* v. *First National Bank*, 23 Colo. 380. The fact that judgment is not in such cases rendered for the full amount of the note, but for the amount of the indebtedness secured thereby, does not establish that the recovery is not upon the note. True it is that, generally speaking, a holder in due course of negotiable instruments is entitled to recover the full amount thereof. General Statutes, § 4227. But it has long been an accepted principle limiting the operation of the general rule, but not repugnant

to it, that one who takes such paper as collateral security for a debt will be limited in his recovery to the amount of that debt. *Cromwell* v. *County of Sac*, 96 U. S. 51, 60; *Duncan* v. *Gilbert*, 5 Dutcher (N. J. L.) 521; *Fisher* v. *Fisher*, 98 Mass. 303; *Youngs* v. *Lee*, 12 N. Y. 551. The recovery, however, is none the less upon the paper.

The plaintiff was justified in confining his allegations to such as disclosed his right *prima facie* to recover the amount of the note, and in leaving to the defendants to set up in their answer, as they did, the facts which served to limit that right. *Vanliew* v. *Second Nat. Bank*, 21 Ill. App. 126; *Curtis* v. *Mohr*, 18 Wis. 645; *Duncan* v. *Gilbert*, 5 Dutcher (N. J. L.) 521.

The exceptions to the finding need not be considered.

There is no error.

In this opinion the other judges concurred.