**WILLING v. LUPIN BUILDING & LOAN ASS'N.**

No. 19596.

District Court, E. D. of Pennsylvania.

Oct. 1, 1937.

Thomas J. Minnick, Jr., of Philadelphia, Pa., for plaintiff.

A. L. Shapiro, of Philadelphia, Pa., for defendant.

MARIS, District Judge.

This is an action brought by the receiver of the Commercial National Bank of Philadelphia (hereinafter called the Bank) to recover a balance due on two promissory notes executed by the defendant. The averments of the statement of claim and of the new matter and set-off or counterclaim in the affidavit of defense which are admitted or insufficiently denied disclose the following facts:

On July 28, 1926, defendant executed its demand note for $1,200 payable to Louis Ettelson, and on May 25, 1927, executed its demand note for $4,000, also payable to Louis Ettelson. On January 20, 1931, defendant paid $2,000 on account of the principal of the latter note. On August 31, 1931, Louis Ettelson borrowed $3,200 from the Bank, giving it his note for that amount. As collateral security for the loan, Ettelson assigned to the Bank the two notes of the defendant, then aggregating $3,200 in principal amount, which he had previously received from the defendant. Subsequently, on February 16, 1933, Ettelson borrowed an additional sum of $3,450 from the Bank, giving it his note for that amount. Under the terms of the collateral agreement contained in the note which he gave the Bank on August 31, 1931, for the loan of $3,200, the notes of the defendant which he had assigned to the Bank at that time as collateral security became applicable in like manner to secure the payment of the second loan and were thereafter held by the Bank as collateral security for his total indebtedness of $6,650.

On February 28, 1933, the Bank refused or became unable to meet its legal obligations and restricted its payments, and on March 14, 1933, the Comptroller of the Currency appointed William A. Dyer as its conservator. On May 22, 1934, a receiver was appointed for the Bank who was succeeded on June 21, 1934, by the present plaintiff. On February 28, 1933, when the

Bank suspended payments, Ettelson was indebted to it in the sum of $6,650, and the Bank held as collateral security for his indebtedness the two notes of the defendant aggregating $3,200. On the same day the defendant had a deposit account in the Bank in which there was standing to its credit the sum of $1,843.04.

After the closing of the Bank, the conservator thereof settled the Bank's claim against Ettelson by accepting from him a cash payment equal to 10 per cent. of the amount of his indebtedness and an absolute assignment of the demand notes of the defendant aggregating $3,200. Thereafter the defendant paid to the plaintiff sums sufficient to reduce the amount due upon its two notes to $1,843.04, the amount of its deposit account with the Bank.

The plaintiff's suit is brought to recover the balance of $1,843.04 remaining due on the notes, with interest. The defendant filed an affidavit of defense, admitting the liability on the notes, but setting up as new matter by way of set-off or counterclaim the liability of the Bank to it upon its deposit account in the same amount. Plaintiff thereupon took rules for judgment for want of a sufficient affidavit of defense and to strike off the new matter, and these rules were discharged by this court in an opinion filed April 7, 1937. Plaintiff then filed a reply to defendant's new matter and set-off or counterclaim which in effect admitted the material averments thereof. The defendant thereupon took the present rule for judgment for want of a sufficient reply to its new matter and set-off or counterclaim. Upon this rule it is the duty of the court to enter such judgment as justice may require. 12 P.S.Pa. § 735.

It will be seen that the present rule raises the question whether the defendant is entitled to set off its deposit account in the Bank against its indebtedness to the Bank upon notes held by the latter as collateral security for the indebtedness of a third party in a larger amount. This question was raised by the prior rules taken by the plaintiff, and this court in the opinion filed April 7, 1937 (20 F.Supp. 774), which held the set-off to be a valid defense to the plaintiff's claim, determined the question in favor of the defendant. To this ruling we adhere, but, in view of the earnest argument of the plaintiff, we will again briefly set forth the reasons which compel our ruling.

The right of set-off must be determined by the state of things existing at the moment of insolvency of the Bank and consequent suspension of payment; not by any subsequent action taken by any party to the transaction. Dakin v. Bayly, 290 U.S. 143, 54 S.Ct. 113, 78 L.Ed. 229, 90 A.L.R. 999. Consequently the subsequent transaction between the conservator and Ettelson, involving a settlement of his indebtedness and the acquisition by the Bank of an absolute title to the defendant's notes, has no bearing on the defendant's right to set off. That must be determined by the status of the parties on February 28, 1933, when the Bank suspended payment. On that day defendant's notes were held by the Bank as collateral security for indebtedness of Ettelson of a larger amount and the Bank was obligated to the defendant for the amount of its deposit account.

It is settled that a depositor in an insolvent bank may set off his deposit therein against his indebtedness to the bank where there is mutuality of obligation. Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059. The plaintiff strongly urges that there was no such mutuality in the present case since the Bank held the defendant's notes as collateral security only. With this view we cannot agree, however. The Bank held the defendant's notes as collateral security for the payment of a larger sum by Ettelson. It was, therefore, a holder of them for value for their entire amount. Pearce v. Rice, 142 U.S. 28, 12 S.Ct. 130, 35 L.Ed. 925; Negotiable Instruments Law, § 27 (56 P.S.Pa. § 64). As such holder the Bank had the right to sue the defendant for the amount of the notes in its own name as owner. Negotiable Instruments Law, § 51 (56 P.S.Pa. § 131); Mersick v. Alderman, 77 Conn. 634, 60 A. 109, 2 Ann.Cas. 254; Thaxton v. Whitesides (Tex.Civ. App.) 54 S.W.(2d) 1059; International Agr. Corporation v. Walters, 53 Ga.App. 707, 186 S.E. 906.

Furthermore, it had the option to resort either to Ettelson's notes which were the primary obligations or to the defendant's notes which it held as security. Rhymes v. Boggess, 146 Miss. 707, 111 So. 844. It, therefore, had the right to compel payment to it of the defendant's notes before demanding payment of the primary obligations. In fact, since the notes were payable on demand, it was its duty to de-

mand payment of them within a reasonable time (56 P.S.Pa. § 172), and its failure to do so would have subjected it to the loss of its remedy not only against the defendant on its notes but also against Ettelson on the notes for which they were security, Jennison v. Parker, 7 Mich. 355; Betterton v. Roope, 3 Lea (Tenn.) 215, 31 Am.Rep. 633.; Peacock v. Purssell, 32 L.J.C.P. 266, 4 E.R.C. 526; especially if it were guilty of negligence in failing to demand payment, Westphal v. Ludlow (C.C.) 6 F. 348.

It thus appears that so far as the defendant is concerned the Bank held its notes in all respects in its own right and for its own purposes and they were fully enforceable by and payable to it. While Ettelson retained an interest in the notes, his interest was entirely separate and distinct from that of the Bank and was one with which the defendant was not concerned. There was, therefore, present in this case that mutuality of obligation which the law requires as a basis for the right of set-off. Aab v. French (Mo.App.) 279 S. W. 435. In the case just cited the Court of Appeals of the State of Missouri had before it a situation in which the facts were almost exactly the same as those in the case at bar. In a well-reasoned opinion it reached the conclusion that a depositor had the right to set off his deposit in a closed bank against his note which was held by the bank as collateral security for the debt of another. The rule announced in that case is applicable here.

Under the Pennsylvania Defalcation Act (12 P.S. § 601), which is applicable to proceedings in this court (Dushane v. Benedict, 120 U.S. 630, 7 S.Ct. 696, 30 L.Ed. 810), the defendant is entitled to introduce its equitable defense of set-off in the action at law which has been brought against it by the plaintiff. Since, as we have seen, the facts admitted by the pleadings disclose that the defendant has a claim against the Bank equal in amount to the claim of the Bank against it, the defendant is entitled to have the one claim set off against the other. We, therefore, conclude that justice requires that judgment in the present suit be entered for the defendant without damages.

Defendant's rule for judgment for want of a sufficient reply to defendant's new matter and set-off or counterclaim is made absolute and judgment may be entered for the defendant.