Hon. JAMES BARRETT,
Hon. HOMER E. ROYCE, } Assistant Judges.
Hon. JONATHAN ROSS,

## WELLS & DEWING v. WELLS & SCRIBNER.

### [CHANCERY.]

*Rights of Pledgor; Duties of Pledgee. Collateral.*

1. The pledgee must exercise good faith toward the pledgor, and reasonable judgment in collecting the security.*
2. If there is a depreciation in the collateral, bad faith, or faulty discretion, must be proved, to fix the loss upon the pledgee.
3. If the pledgor deems it best for his reversionary interest, he can, at any time, bring suit, and the court, in such case, will protect the rights of the pledgee.
4. When the collateral is a mortgage note, and the pledgee forecloses, making the owner a party defendant, and there is no appeal from the decree of the court, or redemption, the pledgor loses all right to the note.

---

* See *Whitin* v. *Paul*, in Reporter, March 2, 1881, p. 316; 1 Amer. Lead. Cas. 402, 403, 123; *Lawrence* v. *McCalmont*, 2 How, 426; *Kiser* v. *Rudick*, 8 Black, 382; 4 Watts 308; 16 Serg. & R. 302; *Lamberton* v. *Windom*, 12 Minn. 332.

1

THIS case was heard on bill, answer, traverse and testimony, at the March Term, 1879, REDFIELD, Chancellor. Decree, *pro forma,* dismissing the bill, with costs, and appeal.

The orators, in substance, allege in their bill, that defendants signed as sureties with them a bank note, and had it to pay ; that they placed in their hands a mortgage note as collateral security, and that said note was the private property of orator Dewing; that defendants brought suit against them for what they had paid the bank, and that said suit was then pending in court; that defendants had ample security, having attached $1700 worth of property to secure $500 ; that said mortgage note is secured by a second mortgage, and has been impaired in value by delaying the collection; that defendants, though often requested, have refused and neglected to collect said note, and apply the proceeds upon the bank note, or to give up said note that orators might collect and apply the same in part payment; that they would pay the balance of the bank note if the defendants would apply the mortgage note on the same. The orators prayed that the defendants be enjoined from prosecuting the said suit, and that they be ordered to apply the mortgage note on bank note, and for general relief.

The defendants in their answer, in substance, denied that orators ever requested them to collect said note ; that they ever neglected or refused to collect said note; that there had been any depreciation in the security, except a general decline in real estate ; they admitted receiving the note ; and the bringing of the suit.

They alleged that the maker of the mortgage note was worthless ; that, they did not know whether the security was good or not; that, they were ready, and had been, to give up said note if the orators would pay the bank note, and claimed that the orators had made no case in equity by their bill.

The defendants also filed a supplemental answer, alleging in substance that defendants on the 18th of August, 1877, had commenced foreclosure proceedings on said mortgage and note ; that it was entered in court at its September Term, 1877 ; that said Dewing was made therein a defendant ; that the case was continued to the March Term, 1878, when the same came on for trial ; decree was entered ; time of redemption therein was fixed by the court,

on the first day of October, 1878; that, none of the defendants in that cause ever redeemed said premises, and that the decree became absolute; that, said Dewing had no interest in the said note or premises; that the decree became absolute since the defendants answered the original bill; that in said foreclosure proceedings the defendant set out said Dewing's right and title to said note, and asked to have said Dewing's right foreclosed.

*L. L. Durant* and *H. G. Dewing*, for orators.

Good faith required the defendants to foreclose the mortgage sooner. *Insurance Co.* v. *Smith*, 11 Pa. St., 129; *Muirhead* v. *Kirkpatrick*, 9 Harris, 237; *Bank* v. *Peabody*, 8 Ib., 454; *Sellers* v. *Jones*, 10 Ib., 423; *Insurance Co.* v. *Marr*, 10 Wr., 504; *Brown* v. *Ward*, 3 Duer, 663; *O'Neill* v. *Wigham*, 7 Vol. Reporter, 245.

A person holding collateral security is bound to use diligence and care in its management, and if notified to proceed against the collateral, and he fails to do so, then the holder is liable for loss. *Baker* v. *Briggs*, 8 Pick. 129; *Paine* v. *Packard*, 13 Johns. 174; *Hayes* v. *Ward*, 4 Johns. Ch. 123; *Hanna* v. *Holton*, 78 Pa. St. 334; *Collingwood* v. *Irwin*, 3 Watts, (Pa.) 306–309; 5 Wait's Act. and Def. 234; *Soule* v. *Union Bank*, 45 Barb. 111; Lead. Cas. in Eq. 2 vol. 1901 to 1903.

*S. C. Shurtleff*, for defendants.

The defendants are only held to reasonable diligence. *Rozet* v. *McClellan*, 48 Ill., 345; *Robinson* v. *Henly*, 11 Iowa, 410; *Goodall* v. *Richardson*, 14 N. H. 567; *Rice* v. *Benedict*, 19 Mich. 132; *Hoard* v. *Garner*, 10 N. Y. (Ct. Appeals) 261.

The foreclosure proceedings are a bar.    2 Kent Com. 805.

The opinion of the court was delivered by

BARRETT, J.    The ground of complaint in the bill is that the defendants, though requested, refused and neglected to collect the mortgage note, impairing its value by delaying the collection thereof.    The answer meets and makes issue upon the substance

of said ground of complaint. The evidence fails to show any request to collect the note, and shows only a request to foreclose the mortgage.

The case has been presented for orators in the argument, as if the bill had complained of refusal and neglect to foreclose the mortgage, whereby the value of the security had been impaired. Without criticising further the case in the light of the pleadings, and regarding it as if the pleadings presented it as it is presented in the argument, it is obvious to remark that the ground, comprehensively stated, on which alone the relief prayed for, could be granted, is, that through the faulty acts or neglects of the defendants, as the holders of the note and its security, the security has been impaired, to the detriment of the orators. The defendants having, as sureties for orators, paid the bank note, had a cause of action for money paid, to be enforced by suit at law, and it was their right to enforce it by such suit as they brought and pursued to judgment.

They had the right at the same time to hold and enforce the collateral, as they should have occasion; as another means of reimbursing themselves for what they had paid on the bank note. It was for them to judge as to the occasion and mode of holding and enforcing the collateral, provided they acted in good faith towards the orators, and in the exercise of a reasonable judgment and discretion, in view of the posture, rights, interests and duties of the orators relatively to their claim against the orators, and to the collateral held by them.

Under circumstances they might have no occasion to enforce the collateral. Whether they would have such occasion would depend largely on the results of their suit at law against the orators. They would be entitled to only one satisfaction of their claim against the orators. It was the legal duty of the orators to pay it directly, and at once. If so done, that would revest the collateral in the orators. Not having so done, if satisfaction should be obtained in the suit at law, that would revest the collateral in the orators.

During the pendancy of that suit and the proceedings on execution against the personal property attached, the defendants

might well defer proceeding upon the collateral unless there was a condition of things that rendered it necessary for them to proceed, in order to save the security from diminution and sacrifice.

We fail to see that there was any such necessity. Upon this point it is to be remarked, that, as the maker of the mortgaged note had no property to respond an attachment and execution, the note could only be made available by foreclosure, and that would have realized only land—not money. It was not the right of the orators to insist on paying their money out to the defendants in that way.

Again, the land was incumbered by a prior mortgage up to a large share of its value, which would have to be redeemed in order to get the collateral,—thus adding to the sum paid to the bank nearly $1100 more in money,—and getting in return for the whole, only a farm of inadequate value, as a farm, and of doubtful value for any other use and purpose.

Moreover, the expense of a proceeding to foreclose would have to be met by the defendants in the first instance, trusting to incalculable future events for re-imbursement, unless the orators had put up the money with which to meet the expense. The defendants refrained from proceeding to enforce the collateral till some nine months after the note fell due.

And here it is to be remarked, that the fact that the note and mortgage were held by the defendants as collateral, did not stand in the way of the orators proceeding, either by suit at law on the note, or by foreclosure on the mortgage, if they deemed it for their interest to have the note on the mortgage, or both, enforced earlier than the defendants saw fit to proceed in that behalf. See Am. Law Rev. Oct., 1880, p. 693. The court would see to it that the rights and interests of the pledgee were protected in reference to the collateral, at the same time that the pledgor was acting in regard to his own existing reversionary interest in the pledge, by the proceeding to enforce it, as against the debtor in the pledge.

It is well understood that in order to charge the pledgee of such a collateral as this, with the collateral as a payment, *pro tanto*, upon his debt, he must be chargeable with bad faith, or faulty discretion, in the course taken in respect to the collateral, so that

it would be detrimental and unjust toward the pledgor not so to charge the pledgee.

Neither such bad faith or faulty discretion is shown in this case.

There is another ground on which the orators fail in the right to maintain this bill. As the case went on in the Court of Chancery, it is to be regarded that the pleadings and evidence legitimately present for consideration, the effect of the decree, obtained by the defendants in their suit to foreclose the collateral, including the orator Dewing as a defendant, who owned the collateral. That decree not having been redeemed, the title to the collateral security became absolute in the defendants in this suit, as against all the defendants in that suit. No appeal from it having been taken, it had full force and effect as a final decree, and all parties to it are subjected to its operation. It results, hence, that there is no right or interest in the orators, on which they can stand, for the relief which they seek by this bill.

Decree affirmed, with costs and mandate accordingly.