HYMAN SIMANSKY *vs.* ETHEL CLARK.

Cumberland.     Opinion August 13, 1929.

*Harry S. Judelshon,* for plaintiff.
*Samuel L. Bates,*
*John J. Devine,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BASSETT, FARRINGTON, JJ.

FARRINGTON, J. The case comes up on exceptions to certain rulings of the presiding Justice which appear later.

This was a suit brought in his own name by the plaintiff as indorsee against the defendant, an indorser before delivery of a three year promissory note for twenty-nine hundred dollars ($2,900.00) (on which there was due twenty-five hundred dollars [$2,500.00] at time of suit), given by Jennie Weinstein, September 16, 1925, to Joseph Brenner and secured by a mortgage of real estate duly recorded. After its delivery the payee, Brenner, for a valuable consideration sold and delivered the note to the plaintiff together with an assignment of the mortgage given as security which assignment was duly recorded.

Before bringing this suit, the plaintiff, waiving demand, notice and protest, on August 20, 1928, indorsed the note and made an assignment of the mortgage to the Chapman National Bank and delivered them as collateral security for a five hundred dollar ($500.00) loan to him, the assignment to the bank being duly recorded.

At the maturity of the note, at the request of the attorney for the plaintiff, an attorney for the Bank took with him the note and mortgage, a re-assignment of the mortgage from the Bank to the plaintiff and a discharge by the plaintiff of the mortgage and made a demand upon the maker of the note and also upon the defendant for payment. The note was not paid, upon presentation, and the discharge of the mortgage was not delivered to the defendant and the re-assignment of the mortgage from the Bank to the plaintiff

was not delivered to the plaintiff at that time and not until some time after this suit was brought and after the plaintiff had obtained a release of the collateral of the twenty-five hundred dollar ($2,500.00) note by giving other security in its stead to cover his five hundred dollar ($500.00) loan at the Bank. The note and reassignment were delivered to the plaintiff, however, before this suit in question came to trial and were offered and admitted as evidence in the case.

After the presentment and demand for payment was made on the maker and on defendant and after their failure to pay, suit was brought by the plaintiff on the twenty-five hundred dollar ($2,500.00) note to recover of the defendant the amount due thereon. The suit was brought September 18, 1928. At this time the note with the mortgage securing it were admittedly not in the physical possession of the plaintiff but in the possession of the Bank.

The case was tried at the January Term, 1929, of the Cumberland County Superior Court before the Justice presiding at that court and without a jury, with reservation of the right to exception in matters of law.

When the evidence was closed the attorney for the defendant submitted to the presiding Justice in writing certain points of law and requested the following rulings:

"(1) In whom was the legal title to the note at the time this suit was instituted?"

"(2) Had the plaintiff any legal right to begin this suit while the Bank still had the legal title and full interest in said note, and said interest was fortified by the Bank's possession of said note, backed up by a written assignment of said note from the plaintiff, said assignment being under seal and recorded?"

The findings and rulings of the Justice thereon were:

1. "The court finds that the legal title to the note at the time this suit was instituted was in the plaintiff."

2. "The court finds, as stated in answer to request number one, that the legal title to the note was not in the Bank at the time of beginning suit, and also finds that upon the facts found the plaintiff had sufficient interest in the note to bring suit upon the same."

Judgment was accordingly rendered for the plaintiff for twenty-

five hundred dollars ($2,500.00) and interest at seven per cent from March 16, 1928, to date.

To these rulings the defendant seasonably took exceptions which were allowed.

The contention of the defendant is that at the time the suit was begun title to the note was in the Chapman National Bank and not in the plaintiff and that the plaintiff had no legal right to bring this suit in his own name. No other issues are raised in the case.

The plaintiff claims he had a right to bring suit in his own name, because he had legal title to the note, and that he also had authority of the Bank to bring suit, and that he had a right to bring suit as general owner of the note provided he produced the note at the trial, which he did.

*City Electric Street Ry. Co.* v. *First National Bank of Little Rock,* 65 Ark., 543 (47 S. W., 855), was a case in which a receiver was allowed to sue and recover on certain notes which were, at the commencement of suit, in the hands of a certain bank as collateral security for a debt due to the bank. After suit was begun but before the decree was rendered the notes were returned to the receiver, the plaintiff in the case, and were filed in court. The Court said, "This court held in the case of *Key* v. *Fielding,* 32 Ark., 56, that where commercial paper is assigned as collateral, the assignee takes it as trustee of an express trust. Such a trustee may sue in his own name, but the assignor still has an interest in the paper assigned, and he is not an improper party plaintiff in a suit on the paper."

*Hewett* v. *Williams* (La.), 17 S., 269, was a case where recovery was allowed in his own name by a pledgor on notes pledged to and in the hands of the pledgee when suit was instituted. The Court said, "If the notes are produced at the time of the trial and tendered to defendant, he has certainly no cause to complain, as his payment to the holder could be a valid extinguishment of the note. The general rule is that the pledgee is the *prima facie* owner of the pledged note, but this does not prevent him from authorizing the pledgor, *the real owner of the note,* to institute suit on it."

The case of *Fisher* v. *Bradford,* 7 Me., 28, is in point. On March 5, 1828, defendant gave a note to one Rice who induced the plaintiff to guarantee its payment. In September following Rice placed the

note in a bank as collateral to a loan to him. About January 1, 1829, plaintiff asked Rice if he would consider the note as his and look to him for it. Rice consented and agreed to help in collecting the note. On January 10, 1829, plaintiff, by authority of Rice, sued defendant, who contended that the bank having possession of the note when it was sued could alone bring or authorize the suit. On March 7, 1829, the note was withdrawn from the bank by Rice and was paid and taken up by the plaintiff, Rice at that time writing the words "without recourse to" over his own name which was on the note when it was turned over to the bank. The jury found for the plaintiff. In the Law Court in pronouncing judgment on the verdict, Weston, J., said, "But it is contended that the Globe Bank, being possessed of the note when sued, as collateral security, could alone bring or authorize the suit. They had a special property, which, accompanied as it was by possession of the instrument, would have justified and enabled them to sue and recover thereon. But the general owner might sue, although liable to be defeated in his suit, if the bank, not being otherwise satisfied, thought proper to retain the note to their own use. And so might any other person, authorized to sue by the general owner, be subject to the same contingency. The arrangement between the bank and the payee, affords no defence to the maker. The pledge, having been given up, is, as to him, as if it had never existed. He is not liable to the bank; and when he has paid and satisfied the plaintiff. he is completely discharged and exonerated from the note; and no one, who is or ever was interested in it, can have any cause of complaint."

In *Ticonic National Bank* v. *Bagley*, 68 Me., 249, at page 250, the Court says: "It has long been settled in this state that the promisor upon negotiable paper can not avoid judgment against him in a suit upon his broken contract merely upon the ground that the person or party in whose name the suit is brought or prosecuted has no interest in the enforcement of the promise." And again, on page 250, "Our decisions fully authorize the maintenance of a suit for the benefit of the owner and by his order in the name of any person competent to give the debtor a discharge who consents to the use of his name as plaintiff in the action; and this even in cases where the owner or his agent has instituted the suit in

the name of a nominal plaintiff without first getting his consent, provided the party whose name is thus used ratifies the act."

This being so, it would be contrary to the reasoning of the settled law of this state to hold that an indorsee who has delivered to a bank, as collateral security only, a note five times greater in amount than the debt so secured could not sue the note in his own name and recover from the maker, or an indorser, when such suit is brought *with* the knowledge and consent of the bank holding the note, and where the note in question is delivered to the plaintiff before trial, as in the instant case. The Chapman National Bank undoubtedly could have maintained an action on the note in its own name, had there been need to protect itself or had it seen fit so to do, but it waived any rights that it had and evidence is convincing that consent to sue the note was given by it to the plaintiff, and that it had full knowledge of every step leading up to the suit.

The case of *Rosenberg* v. *Cohen*, 127 Me., 260, was a real action against a defendant in possession holding record title, subject to a mortgage to the plaintiffs in the case. Prior to bringing action the plaintiffs assigned their mortgage to a bank as collateral security for a loan. At the time of the action the assignment still stood of record and the loan was unpaid. The plaintiffs foreclosed the mortgage by publication and sought to take possession. The defendants contended that the plaintiffs were not the proper parties to maintain the action; that it must be brought by the bank or in the name of the Bank, with the record remaining as it did.

The case did not disclose whether the mortgage was of greater or less value than the note for which the collateral security was given and there was nothing to show whether the bank "objected to, consented to or knew of the foreclosure by the plaintiffs." The Court in the case of *Rosenberg* v. *Cohen*, supra, said, "But the right of the assignee to foreclose is not exclusive. The weight of authority is that where the owner of a mortgage has pledged it as collateral security for a debt of less amount than the mortgage, he still has such interest as entitles him to bring an action for foreclosure of the mortgage." (See cases cited in following paragraphs to same effect.) The Court goes on to say on page 263, "It would appear, then, that a mortgagee who has assigned his mortgage and the note secured thereby to a third party as collateral, may main-

tain foreclosure proceedings, and a writ of entry in his own name, provided that such proceedings are brought with the consent of his assignee, and that even without such consent he may proceed in his own name if the pledged security is larger in amount than the note for which it is given, as collateral, he then being clearly a party in interest, . . ." On page 263, the Court states, "The agreed facts in this case do not place the plaintiffs in either of these positions. We can not assume that consent of the bank, nor that the amount of the collateral note was less than the amount of the original mortgage." Under these circumstances judgment was rendered for the defendant.

The reasoning of the court in the above case applies equally well to the present case where the rights of a pledgor are to be determined instead of those of the assignor of a mortgage, to all intents and purposes the payee of a note on the one hand and the original mortgagee on the other. The present case, however, shows the presence of facts which were lacking in the case of *Rosenberg* v. *Cohen*, supra. In the present case the loan for which the twenty-five hundred dollar ($2,500.00) note was pledged as collateral was only five hundred dollars ($500.00), and, as indicated by the findings of fact and rulings and decision of the Justice below, there is abundant evidence in the case to show that the Chapman National Bank had knowledge of and gave consent to the bringing of the suit by the plaintiff in his own name.

It is well recognized law that the general property in the thing pledged remains in the pledgor, and only a special property vests in the pledgee. While he has the right to retain the property pledged until the debt for which it was pledged is fully satisfied or has been otherwise discharged the pledgee acquires no interest in the property, except as security for his debt . . ." 21 R. C. L., Sec. 15.

By the endorsement of the note in this case and its delivery to the Chapman National Bank for the five hundred dollar ($500.00) loan to the plaintiff, the Bank thereby acquired no interest in the note except as security for the plaintiff's debt to it.

"The question seems to have been well settled that the mere pledging of a promissory note or other evidence of indebtedness as collateral security for the payment of a debt does not divest the pledgor of title and vest title in the pledgee." *Miller* v. *Horton*

(Oklahoma), 170 Pac., 509; *Averill Machinery Co.* v. *Bain,* 50 Mont., 512, 148 Pac., 334; *Garlick* v. *James,* 12 John (N. Y.), 146, 7 Am. Dec., 294; *Trust Co.* v. *Rigdon,* 93 Ill., 458; *Halliday* v. *Bank,* 112 Ga., 461, 37 S. E., 721; Note 49, Am. Dec., 731.

The general property and title still remained in the plaintiff and whatever special rights as holder of the collateral the Bank may have had were waived by it by reason of its consent to the suit.

The defendant is in no way injured by a recovery on the part of the plaintiff. The Bank, having voluntarily surrendered the note to the plaintiff before judgment, would be estopped from bringing suit itself. *St. Paul National Bank* v. *Cannon,* 48 N. W., 526.

The findings of the Justice below disclose no error.

Exceptions overruled. Judgment affirmed. Interest to be added from date of said judgment.