[Civ. No. 8334. Second Appellate District, Division Two.—June 28, 1934.]

ELIZABETH RISSMAN, Respondent, v. NATIONAL THRIFT CORPORATION OF AMERICA, Appellant.

Halverson & Halverson for Appellant.

Goldman & Lieberman, Alfred Kehde, E. P. Peers and Aaron B. Rosenthal for Respondent.

SCOTT, J., *pro tem.*—On March 16, 1931, defendant executed and delivered to payee an installment note in the principal sum of $25,000, payable in monthly installments of $4,000 each, commencing June 16, 1931, with a final payment of $1,000 in December of that year. The payee of

the note was Sierra Reserve Holding Company, Ltd., a Nevada corporation. On the same day that it was executed, payee assigned the note to Edison Securities Company, a corporation, as collateral security for the payment to it of a note of the Sierra Company to it, and the note was placed in escrow with Metropolitan Trust Company, a corporation, as escrow-holder. Thereafter, on June 26, 1931, one installment of $4,000 having been paid, Sierra Company assigned its interest in the balance of the note to Daniel Rissman, and the latter on that date assigned it to plaintiff. Daniel Rissman testified that as agent for plaintiff he demanded payment of defendant of the second installment the day after it became due, to wit, July 17, 1931, stating that if defendant could not pay it he demanded full payment of the note and intended to bring suit immediately. The payment was not made and plaintiff filed suit on July 21, 1931. After the commencement of the action, on October 19, 1931, Edison Securities Company assigned its interest in the note to plaintiff for collection. The trial of the case commenced October 21 and concluded October 28, 1931, and the plaintiff recovered judgment for the unpaid principal plus interest and $754.50 attorney's fees.

Appellant contends that the trial court should have held and found that there was a defect of parties defendant, in that the Edison Securities Company, Metropolitan Trust Company and Daniel Rissman were parties in interest and indispensable to the determination of the case. Defendant did not seek to have joined any of the said parties as defendants which it had the right to ask under the law (Code Civ. Proc., sec. 379). The relationship of Metropolitan Trust Company to the parties, as shown by the evidence, was that of escrow-holder, that is, a mere agent of the Sierra Company, Edison Securities Company and Rissman, with no interest in the subject matter of the action, its sole duty being to carry out their orders.

 It appearing at the trial that both Daniel Rissman and Edison Securities Company had assigned their interest to plaintiff, there was no such defect of parties as to preclude recovery by plaintiff. The note sued upon was delivered at the trial and was admitted in evidence. The payee of a note who has pledged it with a third party but still has a substantial interest therein is entitled to maintain an

action to enforce his rights or protect his interest. (19 Cal. Jur. 968; 65 A. L. R. Ann. 1321.) In *Graham* v. *Light*, 4 Cal. App. 400 [88 Pac. 373], plaintiff sued on a note which he had pledged as collateral security for a loan, and defendants urged that he had no cause of action when the suit was brought. After declaring that plaintiff had the right to sue the court said: "Had the note still been held by the bank under its assignment *at the time of the trial* it would have been the duty of the court . . . to have ordered the bank to be brought in. But in this case as it appeared that the bank had reassigned the note to the plaintiff this was unnecessary." (Italics ours.) That the interest of Sierra Company in the note was substantial was shown by evidence that although the amount of the note here sued on was but slightly greater than the note for which it was security, it constituted less than two-fifths of the total securities thus pledged.

On the day the trial started defendant by leave of court filed an amended answer setting up a third defense not embodied in the original answer, to the effect that no proper demand for payment was made of it before the suit was filed and that it, the defendant, was at all times ready, able and willing to pay the installment when it became due. The court found "that it is untrue that the defendant on the 16th day of July, 1931, or at any time thereafter, was ready, able and willing or that it is now ready, able and willing to pay the said note or any part thereof, and that there is now due on said note the sum of $21,122.50 with interest at 7% per annum from July 16, 1931. . . . The court further finds that all allegations in the answer of defendant herein inconsistent with the findings of fact herein are untrue."

"The question seems to have been well settled that the mere pledging of a promissory note or other evidence of indebtedness as collateral security for the payment of a debt does not divest the pledgor of title and vest title in the pledgee" (*Simansky* v. *Clark*, 128 Me. 280 [147 Atl. 205, 65 A. L. R. 1316]). Plaintiff, as assignee of pledgor, had the right to make a demand for payment of the installment due July 16th, and upon failure of defendant to make the payment plaintiff had the right to exercise the option accelerating the payments and to declare the whole amount due. The evidence shows that this was done. Appellant

suggests that the cause should be reversed because the trial court failed to make a more specific finding to this effect. This court could remedy any such inadvertence, being empowered to make findings of fact in addition to those made by the court below (sec. 4¾, art. VI., Const.; Code Civ. Proc., sec. 956a; *Sessions* v. *Trott,* 220 Cal. 714 [32 Pac. (2d) 374]), but the exercise of that power is unnecessary here. From the evidence in the record, from the judgment ordered and from the effort of the court to find upon all the issues it is evident that if a more complete finding had been made it would have been adverse to appellant, and in such case the failure to find is not a ground for reversal of the judgment. (*Krasky* v. *Wollpert,* 134 Cal. 338 [66 Pac. 309].) The findings were signed twelve days after the date on which the final payment on the note was due, even had there been no acceleration, and it is not suggested by appellant that any offer to pay had been made by it up to that time.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.