DEVIN, J., took no part in the consideration or decision of this case.
This is an action to recover on a note for $5,000, executed by the defendants J. E. Winslow and F. J. Forbes, on 1 January, 1930, and payable to the order of the plaintiff, one year after its date. The action was begun on 27 November, 1933.
It is alleged in the complaint that after its execution by the defendants and its delivery to the plaintiff, the note was assigned by the plaintiff to a bank in Greenville, N.C. as collateral security for plaintiff's notes to said bank, aggregating the sum of $1,400; that subsequently plaintiff's notes held by the bank were purchased by the defendant J. E. Winslow Company, a corporation, and that the note sued on was delivered by the bank to said defendant, and is now held by the said defendant as collateral security for plaintiff's notes; and that plaintiff has requested the defendants J. E. Winslow and F. J. Forbes to pay the amount due on their note to the plaintiff in order that she may pay her notes held by the defendant J. E. Winslow Company, which request has been refused by the said defendants.
The allegations of the complaint are admitted in the answer. It is alleged therein that the defendant J. E. Winslow Company has transferred the notes of the plaintiff to A. T. Winslow, of Kansas City, Missouri, and that said A. T. Winslow now holds the note sued on as collateral security for plaintiff's notes, and that for this reason the plaintiff cannot now maintain this action.
When the action was called for trial, a trial by jury was waived by the parties, who submitted to the court an agreed statement of facts, on *Page 208 
which it was agreed that the court should render judgment. The agreed statement is as follows:
"1. That on 1 January, 1930, the defendants, J. E. Winslow and F. J. Forbes executed their negotiable promissory note in the sum of $5,000, payable to the plaintiff one year after its date, and that an exact copy of said note appears in paragraph 2 of the complaint.
"2. That during the year 1930 the plaintiff borrowed from the National Bank of Greenville, N.C. the sum of $1,400, and executed her three promissory notes payable to the order of said bank, as evidence of her indebtedness; and that as collateral security for her said notes, the plaintiff assigned the note of the defendants to the said bank.
"3. That some time thereafter the National Bank of Greenville duly transferred plaintiff's notes, together with the note of the defendants to the plaintiff, held by said bank as collateral security, to the State Bank and Trust Company of Greenville, N.C. that thereafter the State Bank and Trust Company transferred said notes, for value, to J. E. Winslow Company, Inc., of Greenville; and that J. E. Winslow Company, in due course, on 5 May, 1933, transferred, for value, plaintiff's notes, together with defendants' note, to A. T. Winslow, of Kansas City, Missouri.
"4. That at the time of the commencement of this action A. T. Winslow was the holder of plaintiff's three notes payable to the order of the National Bank of Greenville, together with the note of the defendants J. E. Winslow and F. J. Forbes, payable to the order of the plaintiff, which had been assigned to the said A. T. Winslow as collateral security for said three notes of the plaintiff.
"5. That since the commencement of this action the plaintiff has paid the amount due on her three notes held by A. T. Winslow and has received from the personal representatives of the said A. T. Winslow, who has died since the commencement of this action, the note executed by the defendants and payable to her order, and that the plaintiff is now the owner of said note."
The court was of opinion that, upon these admitted facts, the plaintiff is entitled to recover in this action the amount due on the note sued on, and accordingly adjudged that plaintiff recover of the defendants J. E. Winslow and F. J. Forbes the sum of $5,000, with interest on said sum from 1 January, 1931, together with the costs of the action.
From this judgment the defendants J. E. Winslow and F. J. Forbes appealed to the Supreme Court, assigning error in the judgment.
On their appeal to this court the defendants contend that there is error in the judgment in this action for that it appears from the *Page 209 
agreed statement of facts on which the judgment was rendered that at the commencement of the action the plaintiff was not the owner of the note sued on, and was therefore not the real party in interest with respect to the subject matter of the action.
This contention cannot be sustained. The judgment is fully supported by the decision of this Court in Ball-Thrash v. McCormick, 162 N.C. 471,78 S.E. 303. In the opinion in that case it is said: "The bald question, therefore, is, Can a pledgor who has deposited notes with a bank as collateral sue and recover upon the same if he pays his debt, takes up the collateral notes, and produces them at the trial, so that they can be canceled for the protection of the debtor? We will answer this question in the affirmative, as we think it is in accordance with principle and authority."
See Simansky v. Clark (Me.), 147 A. 205, 65 L. R., 1316, and notes.
In the instant case the plaintiff did not part with her legal title to the note sued on, as payee, when she pledged her note with a creditor as collateral security. At the date of the commencement of the action she had a substantial interest in the note, which was sufficient to constitute her the real party in interest with respect to the subject matter of the action. At the trial, and before judgment, she had the note in her possession for cancellation by the court, when the judgment was rendered. The defendants who offer no defense to a recovery on the note, are fully protected by the cancellation of the note.
The judgment is
Affirmed.
DEVIN, J., took no part in the consideration or decision of this case.