HARRY SAPOSNICK *vs.* AARON KENIG.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

254

Argued February 5th—decided April 7th, 1936.

*Josiah H. Peck* and *Reuben Taylor,* for the appellant (defendant).

*Isidor E. Finkelstein,* for the appellee (plaintiff).

AVERY, J.   The facts in this case are not in dispute and as far as are necessary for determination of the question of law involved may be briefly stated as follows:  David Kaplan and Michael Strouch owned jointly the real estate in question (property at 1833 Park Street, Hartford) which was subject to a first mortgage to a bank in the amount of $15,000, and a second mortgage in the amount of $9750 owned by the defendant Kenig.   Kaplan and Strouch were the makers of the note which evidenced this debt.  Strouch sold his undivided one-half interest to Kaplan and the latter executed and delivered to Strouch a note for $15,950 secured by a mortgage on the property.   At the same time, Kenig released the second mortgage on the real estate but the note which the mortgage secured remained outstanding and in lieu of the se-

curity which the defendant released, Strouch assigned the mortgage and note of $15,950 to the defendant as security for the defendant's note of $9750.

A default having occurred in the payment of the $9750 note, then considerably reduced in amount, Kenig brought an action in the Superior Court against Kaplan and Strouch and two others who had received from Strouch assignments of his remaining rights in the $15,950 mortgage, and secured a judgment which in terms foreclosed the defendants of any right to redeem that mortgage and note. Kenig thereafter brought a foreclosure action in the City Court of the city of Hartford on the $15,950 mortgage, making the owner of the equity of redemption and certain subsequent mortgagees parties defendant and secured judgment determining the debt to be $11,123.67 and fixing law days for the various defendants, none of whom redeemed. The plaintiff, Saposnick, held a mortgage on the property subsequent to the $15,950 mortgage but was not made a party to the foreclosure action in the City Court. Later, he brought this action against Kenig for foreclosure of his mortgage, but Kenig filed a cross-complaint, seeking foreclosure of the $15,950 mortgage against Saposnick, and it appearing that the latter mortgage was a prior incumbrance to Saposnick's mortgage, he withdrew the complaint and the action was tried on the cross-complaint. The trial court entered a judgment of foreclosure in favor of Kenig but fixed as the amount of the debt the balance due upon the $9750 note, which, with certain other charges, amounted to $5532.74. The sole issue on this appeal of Kenig arises out of his claim that the amount of the debt should be based upon the sum remaining due upon the $15,950 mortgage instead of the amount due upon the $9750 note.

An assignment of a mortgage may be made as col-

lateral security for a loan. *First National Bank* v. *National Grain Corporation,* 103 Conn. 657, 665, 131 Atl. 404. Such an assignment may be in effect a mortgage of a mortgage. 2 Jones, Mortgages (8th Ed.) § 1049; *Graydon* v. *Church,* 7 Mich. 36, 57; *Cutts* v. *York Mfg. Co.,* 18 Me. 190, 201. On the other hand, it may in legal effect be a pledge and whether in a given case the transaction is to be considered as a mortgage of a mortgage or a pledge is to be determined by the purport and substance of the contract and the intent of the parties. Jones, Collateral Securities (3d Ed.) § 9; *Dungan* v. *Mutual Benefit Life Ins. Co.,* 38 Md. 242, 253.

In the case of a pledge, the principle is well recognized that the pledgee ordinarily can retain from the proceeds of the property pledged only a sum sufficient to repay him together with such amount as he may reasonably have been required to expend in keeping and caring for the property pledged. If he recovers more, he will hold the surplus as trustee for the parties entitled thereto. *Continental Credit Co.* v. *Ely,* 91 Conn. 553, 562, 100 Atl. 434; *Windsor Trust Co.* v. *Champigny,* 105 Conn. 615, 622, 136 Atl. 556; *Allen* v. *Home National Bank,* 120 Conn. 306, 310, 180 Atl. 498; *Mersick* v. *Alderman,* 77 Conn. 634, 637, 60 Atl. 109; *Homer* v. *Savings Bank of New Haven,* 7 Conn. 478, 484, 486. "It is well recognized law that the general property in the thing pledged remains in the pledgor, and only a special property rests in the pledgee. While he has the right to retain the property pledged until the debt for which it was pledged is fully satisfied or has been otherwise discharged, the pledgee acquires no interest in his property, except as security for his debt." *Simansky* v. *Clark,* 128 Me. 280, 286, 147 Atl. 205, 65 A.L.R. 1316, 1320; 21 R.C.L 649, § 15. In the *Matter of Gilbert,* 104 N. Y. 200, 211, 10 N. E.

148, where a mortgage was assigned by the mortgagee as collateral security for a loan to him, the Court of Appeals of New York, in discussing the effect of such a transaction, said: "Our opinion then was, and still remains, that the assignment is in substance a mortgage or pledge of the transferred security; that it gives to the assignee merely a defeasible title, which ends upon payment of the debt, leaving the ownership in the assignor precisely as if no transfer had been made; that such defeasible title cannot be changed or enlarged, as against the assignor, by any act or dealing of the assignee, or his representatives, to which the assignor is not in some manner a party." See also, to the same effect, *Hicks* v. *Dowdy,* 202 Ala. 535, 536, 81 So. 37.

While this decision states the law generally applicable, the case before us presents a situation not within that principle. We have not before us the exhibits in this case and the only statement in regard to the assignment is found in a paragraph of the finding in which it is said that the mortgage was assigned to the defendant as collateral security. In the action in the Superior Court, a decree of strict foreclosure was entered. It is unnecessary to decide whether an action of foreclosure could be maintained by a pledgee of property against a pledgor, and judgment entered foreclosing the rights of the latter in the property pledged. Questions which might have been raised in the foreclosure action and defenses which might have been available to the parties in that proceeding are not available in this collateral proceeding. The Superior Court had jurisdiction of the subject-matter and of the parties. Its judgment was not appealed from and must be accepted as a final determination of the rights of the parties thereto to the mortgage. *Wells & Dewing* v. *Wells & Scribner,* 53 Vt. 1, 2; *Bloomer* v. *Sturges,* 58 N. Y.

168, 174. A law day having been fixed on that judgment and the law day having passed, the effect of the judgment was to vest the property in the mortgage in Kenig who became the owner of it. *City Lumber Co. of Bridgeport, Inc.* v. *Murphy,* 120 Conn. 16, 25, 179 Atl. 339. The situation is not different in legal effect than if Kenig had bought the mortgage at a discount. He would have been entitled to foreclose not for the amount he paid for the mortgage but for the amount due upon it.

There is error and the cause is remanded to the City Court of Hartford with direction to enter judgment for the defendant upon his cross-complaint fixing as the debt the amount due upon the $15,950 mortgage.

In this opinion the other judges concurred.