[Civ. No. 4919.   Fourth Dist.   June 9, 1955.]

EARLE J. CHURCH et al., Appellants, v. HARDY HOWARD GOLDSTON, as Administrator, etc., Respondent.

Lawrence W. Kennedy and Matt Goldstein for Appellants.

Dwelle & Dwelle and Leroy J. Reinhardt for Respondent.

GRIFFIN, J.—Plaintiffs brought this action to establish, by prescription, an easement 20 feet in width over and upon defendant's property, about 5 miles southeast of Kerman, and to prevent the erection and maintenance of a fence by defendant on defendant's property line. The judgment resulted in a grant of a 16-foot easement on the west side and 12-foot on the south side of this land, and the permission to maintain a fence, as indicated, but with a provision that intermittent gates be built to permit access by plaintiffs to said easement. Plaintiffs appeal from that portion of the judgment locating the easement, decreasing the width claimed, and permitting the establishment of the fence as described, on the theory that plaintiffs were, by said judgment, restricted in their enjoyment of the former easement.

Plaintiffs own considerable agricultural acreage which surrounds the west and south sides of defendant's agricultural acreage. Since 1919 fences have existed on defendant's land approximately 30 feet east of the west boundary and 32 feet north of the south boundary of defendant's property. In 1946, defendant purchased this property, and in March, 1953, moved the fence over to the property line and plowed up the roadway along the fence lines here involved, which was used by plaintiffs for the purpose of transporting machinery, etc., and in caring for and removing their agricultural products.

A number of witnesses testified with respect to the use of the easement over the years, as well as the extent, the size, and location of it. One witness testified that the distance from the old fence line to the property line was about 29 feet, and the leveled portion of the roadway running north and south was, at the time of trial, approximately 20 feet wide and the traveled portion was "12 or 16 ft. wide or more," but he was not sure because he did not measure it; that the width of the dirt road on the south portion of

defendant's property "might have been 10 feet approximately." Another witness testified he farmed defendant's property from 1935 to 1947; that there was a private roadway along the west side of defendant's property about 30 feet wide on the west side of the old fence line "just a car trail" through the property; that later in 1937, the lessees on the Church property, thinking it was on the Church property, graded it down a little, as indicated in a photograph (Exhibit 2); and that after the grading the two roads compared favorably. Other witnesses placed the width of the west boundary roadway at 28 to 30 feet, and the south roadway at 16 to 20 feet in the year 1950. Photographs in evidence appear to indicate that the present traveled portion of the claimed easement on the west side of defendant's property, in many places, would not exceed 16 feet in width and 12 feet on the south side. It is plaintiffs' claim that at times large farm machinery required a greater width.

It cannot be said that the finding of the trial court limiting the width of the easement to 16 feet and 12 feet respectively, is without evidentiary support. It does not appear to us that the removal of the former fence line over to defendant's property line would materially restrict plaintiffs' enjoyment of the former easement, as claimed. The court provided in the order that a sufficient number of access gates be maintained by defendant to allow plaintiffs the customary use of the easement. The evidence shows that during a portion of the period in which this prescriptive right was acquired, the surrounding territory was open agricultural land and the easement was mainly used for the purpose of transporting farm machinery from one field to another. The record does not indicate that there was any substantial change in the easement, for the purpose for which it was acquired, or that plaintiffs would suffer any particular or unusual hardship by reason of this limitation, particularly where plaintiffs' own land was and is available for their road purposes. Accordingly, the fencing of the land with gate privileges was authorized. (*O'Banion* v. *Borba,* 32 Cal.2d 145 [195 P.2d 10]; 28 C.J.S. p. 780, § 98; 17 Am.Jur. p. 1011, § 120 et seq.)

Some argument is made that by the court's order a deadend or *cul-de-sac* was created with reference to ingress and egress to and from plaintiffs' property near the southeast corner of defendant's ranch. The merits of this claim are not clear from the record before us. Counsel for defendant

have seen fit to submit the case upon plaintiffs' opening brief and have not aided us in answering plaintiffs' claims on this appeal. However, the conclusion reached by our research is that the judgment intended that plaintiffs' claimed easement at this point was to be 12 feet wide and of sufficient width and depth to furnish suitable access to the road that crosses over plaintiffs' land at that point. Any other construction would be unreasonable and would defeat the purpose of the easement sought. If it is otherwise construed by plaintiffs or defendant the judgment should be modified accordingly. The judgment also recites that among the gates ordered erected one was to be placed at the *"northeast* corner of said 80 acres.'' This is apparently an error in description as the undisputed evidence shows it should have been the *"northwest* corner of said 80 acres.''

The judgment is modified accordingly, and affirmed as modified. Defendant to recover costs on appeal.

Barnard, P. J., and Mussell, J., concurred.