[Civ. No. 5115.   Fourth Dist.   Sept. 26, 1955.]

FRED C. BEYL et al., Respondents, v. FRED MORIO
YASUKOCHI, Appellant.

Charles A. Thomasset for Appellant.

Luce, Forward, Kunzel & Scripps for Respondents.

SHELL, J. pro tem.*—This is an action to quiet title to an easement over a strip of land belonging to defendant. The easement is claimed by the plaintiffs to have been established prescriptively by adverse user by themselves and their predecessors in interest across defendant's land as a means of ingress to and egress from plaintiffs' land. Judgment was rendered by the trial court in favor of plaintiffs. Defendant has appealed from the judgment.

Only two questions need be considered upon this appeal. They are:

1. Should the findings and judgment be modified to correctly describe the dominant tenement?

2. Should the judgment be modified to limit the easement to one for ingress to and egress from the plaintiffs' property?

Question number one must be answered in the affirmative. Respondents' property is in fact in Section 31, Township 11 South, Range 2 West, San Bernardino Base and Meridian, and not in Section 36, Township 11 South, Range 3 West, San Bernardino Base and Meridian, as indicated in both the findings of fact and the judgment. The erroneous description used in the findings and judgment would place respondents' land several miles away from appellant's land, and not contiguous thereto, as is the fact and as was conceded by the parties, and as shown by the map of the survey made of the properties introduced in evidence as plaintiffs' Exhibit 1.

By reason of the provisions of section 4¾, Article VI, of the California Constitution, and section 956a of the Code of Civil Procedure, a reviewing court may make findings contrary to or in addition to those inadvertently made by the trial court. (*Sessions* v. *Trott,* 220 Cal. 714, 717 [32 P.2d 374]; *Rissman* v. *National Thrift Corp.,* 139 Cal.App. 447, 451 [34 P.2d 230]; *Church* v. *Goldston,* 133 Cal.App.2d 512, 514-515 [284 P.2d 508].) The findings of fact made by the trial court and the judgment are therefore modified by substituting for such erroneous description of respondents'

---

*Assigned by Chairman of Judicial Council.

property, wherever the same may appear therein, the following correct description thereof:

The South one-half (½) of Lot 3 and all of Lots 4 and 5 of Section 31, Township 11 South, Range 2 West, San Bernardino Base and Meridian, in the County of San Diego, State of California.

In our consideration of question number two, hereinbefore stated, the following principles are involved: "The character and extent of an easement acquired by prescription are fixed and determined by the user under which it was gained." (17 Cal.Jur.2d, Easements, § 24; *Allen* v. *San Jose Land & W. Co.*, 92 Cal. 138, 141 [28 P. 215, 15 L.R.A. 93]; *Joseph* v. *Ager*, 108 Cal. 517, 520 [41 P. 422]; *Hannah* v. *Pogue*, 23 Cal.2d 849, 854 [147 P.2d 572].)

"Easements acquired by adverse user are limited to the uses made during the prescriptive period. Thereafter no different or greater use can be made of them, except by grant or by further adverse user for the prescriptive period." (17 Cal.Jur.2d, Easements, § 27; *O'Banion* v. *Borba*, 32 Cal.2d 145, 155 [195 P.2d 10]; *Bartholomew* v. *Staheli*, 86 Cal.App.2d 844, 850 [195 P.2d 824]; *People* v. *Ocean Shore R., Inc.*, 32 Cal.2d 406, 415 [196 P.2d 570, 6 A.L.R.2d 1179].)

In view of the principles just stated it seems to us that appellant is entitled to a clear adjudication of the extent of the easement established by the judgment. This, the trial court did not unequivocally do. It did not, in its findings and judgment unmistakably limit the easement to "the means of obtaining ingress to and egress from" respondents' property.

The undoubted purpose of section 956a of the Code of Civil Procedure, implementing section 4¾ of the California Constitution, was to authorize a reviewing court to "make findings contrary to, or in addition to, those made by the trial court" in order "that wherever possible causes may be finally disposed of by a single appeal and without further proceedings in the trial court, except where the interest of justice requires a new trial."

The trial court found that "At all times since on or about the year 1926, plaintiffs and their predecessors in interest, as a means of obtaining ingress to and egress from their said property, have used, for road purposes, an easement of the uniform width of fifteen feet over and across defendant's said property . . .," but in its first conclusion of law recited: "That a decree should be entered . . . to

the effect that plaintiffs are the owners of an easement *for road purposes* over a strip of land of the uniform width of fifteen feet (15'), the center line whereof is described as follows, to wit:'' This conclusion is not supported by the finding hereinbefore quoted. The words ''for road purposes'' should have been limited by following such words with the words ''as a means of obtaining ingress to and egress from their said property.'' The court's intention that the easement should be so limited is indicated by the language used in the court's conclusion of law, II, as follows: ''That the defendant should be perpetually restrained and enjoined from interfering in any manner with the use of said easement by plaintiffs, their agents, servants and invitees, as a means of ingress to and egress from that certain property . . .''

The judgment displays the same infirmity in failing to limit the easement therein described by the use of the words ''for road purposes'' without qualification. Such words should be followed by the following language: ''as a means of obtaining ingress to and egress from their property.''

The findings and the judgment are modified accordingly. As so modified, the judgment is affirmed. Each party to bear own costs on appeal.

Griffin, Acting P. J., and Mussell, J., concurred.

A petition for a rehearing was denied October 24, 1955, and appellant's petition for a hearing by the Supreme Court was denied November 23, 1955.